609 F.Supp. 194 (1985)
FEDERAL NATIONAL MORTGAGE ASSOCIATION, Plaintiff,
v.
Cicero MOORE, III, Shirley Lee Moore, First National Bank of Chicago, as Trustee in Trust Deed Doc. # 25610162, First National Bank of Chicago and General Finance Corp. of Illinois, Defendants.
No. 84 C 8797.
United States District Court, N.D. Illinois, E.D.
May 15, 1985.
Barry M. Fisher, Fisher & Fisher, Chicago, Ill., for plaintiff.
Alan I. Ehrenberg, Zenoff, Westler & Zenoff, Chtd., Chicago, Ill., for defendants.

MEMORANDUM AND ORDER
MORAN, District Judge.
This is an action to foreclose on a mortgage insured by the United States Department of Housing and Urban Development *195 (HUD). Defendants have erected two affirmative defenses to the foreclosure. Essentially, they argue that foreclosure is improper because plaintiff failed to follow notice procedures required by HUD regulations. The parties have filed cross-motions for summary judgment.

I.
Defendants purchased their home on Chicago's South Side in January 1973. The property was secured by a HUD-insured $23,850.00 mortgage, payable in monthly installments over 30 years at 7% interest. The mortgage was subsequently assigned to plaintiff, the Federal National Mortgage Association. Mr. Moore was laid off his job as a steelworker in September 1980. Even though Mr. Moore was unable to obtain a job with comparable wages, defendants continued to make payments for the next two years, although with some difficulty.[1]
Prompted by a default in the August 1982 payment, the plaintiff had telephone contact in early October 1982 with one of defendants' children and left a message for defendants to contact plaintiff. While this default was cured, defendants failed to make their October 1982 payment and plaintiff contacted Ms. Moore on November 22, 1982, by telephone. In late December 1982 and early January 1983 plaintiffs again had telephone contacts with defendants' children.
Plaintiff also had written contact with defendants. In a December 29, 1982 letter plaintiff advised the defendants that they had failed to make October, November and December payments. The letter advised them that plaintiff was considering defendants' eligibility for an assignment of their mortgage to HUD. An assignment would entitle defendants to forebearance relief, staving off foreclosure. See generally 24 C.F.R. § 203.650-660. In a January 17, 1983 letter plaintiff advised defendants that they did not meet the criteria for a mortgage assignment. The letter stated that defendants had seven days in which to contact HUD and obtain review of this decision.[2]
The events in February 1983 are somewhat unclear. Defendants sent, and their mortgage company, Union National Bank, accepted, two money orders totalling $621.68. These payments appear to have brought their account current through February 1983.[3] The record also contains a February 8, 1983 letter from Union National Bank, rejecting as insufficient two money orders totalling $808.00. The relation between the payment accepted and the payment rejected is unclear.
On March 24, 1983 the defendants' filed a Chapter 13 bankruptcy petition that sought inclusion of "cumulative current mortgage payments." The mortgage company filed a proof of claim on May 25, 1983, indicating that defendants owed them the March, April and May 1983 payments. On May 27, 1983, Bankruptcy Judge Hertz confirmed a plan that stayed foreclosure proceedings and provided for $138.00 in monthly payments. In October 1983 defendants sent the mortgage company $540.00, intending to cover their March and April 1983 payments. They apparently believed that the $138.00 monthly payment *196 under the bankruptcy plan satisfied all their subsequent obligations.
On August 24, 1984, the bankruptcy court granted the mortgage company's motion to modify the automatic stay and allowed foreclosure to proceed. Defendants' offer to enter into a payment plan was rejected on October 2, 1984. This action followed on October 11, 1984.

II.
HUD has promulgated regulations outlining the mortgage servicing responsibilities of mortgagees. 24 C.F.R. § 203.500, et seq. Mortgagees must give mortgagors notice of default:
The mortgagee shall give notice to each mortgagor in default on a form supplied by the Secretary or, if a mortgagee wishes to use its own form, on a form approved by the Secretary, no later than the end of the second month of any delinquencies in payments under the mortgage. If an account is reinstated and again becomes delinquent, the delinquency notice shall be sent to the mortgagor again, except the mortgagee is not required to send a second delinquency notice to the same mortgagor more often than once every six months. The mortgagee may issue additional or more frequent notices of delinquency at its option.
24 C.F.R. § 203.602.
The regulations also require that mortgagees give notice before beginning foreclosure.
[P]rior to initiating any action required by law to foreclose the mortgage but not before three full monthly payments are due and unpaid, the mortgagee shall notify the mortgagor in a form approved by the Secretary that the mortgagor is in default, the mortgagee intends to foreclose unless the mortgagor cures the default, and the mortgagee is considering whether or not to request the Secretary to accept assignment of the mortgage.
24 C.F.R. § 203.651. If, as in this case, the mortgagee determines that the mortgagor does not meet the prerequisites for assignment of the mortgage to HUD, the mortgagee must advise the mortgagor of the mortgagor's right to ask HUD directly to accept assignment of the mortgage. 24 C.F.R. § 203.652.
In Illinois, a mortgagee's failure to comply with the mortgage servicing regulations can be raised in a foreclosure proceeding as an affirmative defense. Bankers Life Co. v. Denton, 120 Ill.App.3d 676, 76 Ill.Dec. 64, 66, 458 N.E.2d 203, 205 (3d Dist.1983).

III.
Plaintiff's motion for summary judgment is simple. Its position is that defendants were in default as of October 1982. Plaintiff's phone contacts with Mrs. Robinson and defendants' children satisfied the delinquency notice requirement of section 203.606. The December 29, 1982 and the January 17, 1983 letters satisfied the preliminary foreclosure notice requirements of sections 203.651 and 203.652. Plaintiff argues that having satisfied the notice requirements, it is entitled to foreclosure.
Plaintiff's argument does not survive scrutiny. Plaintiff has not established that the limited contact with the defendants in the two-month period after the October default was notice "on a form supplied by the Secretary ... [or] ... on a form approved by the Secretary." Section 203.602. The "notice" given defendants was not written, as the regulations appear to contemplate. Plaintiff has not established that telephonic contact was a form of notice approved by the Secretary. It is not even clear what was conveyed to Ms. Moore on November 22, 1982, even though this was the only direct contact with the defendants within the two-month period after the October default.
Second, there is a dispute of material fact as to the date of default. The complaint states that plaintiff was in default from August 1, 1983. Plaintiff's motion for summary judgment is predicated on an October 1982 default. Defendants state that they became unable to make payments *197 in December 1982. The evidence submitted by the parties in support of their motions for summary judgment suggests that the defendants failed to make their October, November and December payments (plaintiff's motion for summary judgment, exh. B), but advanced the date of the default by making two payments in February 1983 (defendants' motion for summary judgment, exhs. B-1, B-2). The April 19, 1983 property inspection report, for example, seems to indicate that defendants were only two months behind in their payments as of that date (plaintiff's motion for summary judgment, exh. A, p. 10). In its May 25, 1983 filing with the bankruptcy court, plaintiff indicated that only March, April and May payments were past due. Defendants further suggest that its October 1983 payment covering the March and April 1983 installments further advanced the date of default
Fixing the date of default or defaults for purposes of this dispute is necessary in order to establish what notice plaintiff was obligated to give. For example, after plaintiff's December 29, 1982 and January 17, 1983 notices of impending foreclosure, which was based on an October 1982 default, defendants may have cured or advanced the date of their default with the February 1983 payments.[4] If so, before initiating foreclosure, "but not before three full monthly payments [were] due and unpaid," plaintiff would have been obligated, at a minimum, to have given a new section 203.651 notice of impending foreclosure. Cf. Ferrell v. Pierce, 560 F.Supp. 1344, 1366-68 (N.D.Ill.1983), aff'd, 743 F.2d 454 (7th Cir.1984).[5] It is undisputed that no formal notice of either delinquency or of impending foreclosure was given defendants after January 1983.
Defendants' position is that they have met their obligations up to the date of bankruptcy and that plaintiff has failed to give proper notice since then, thus barring foreclosure. The date or dates of default, however, have yet to be established. Thus, inferences must be drawn in favor of the plaintiff when evaluating defendants' summary judgment motion.
Even if October 1983 is taken as the date of default, defendants did not give adequate notice of delinquency under section 203.602, as established above. Assuming an October 1983 default, plaintiff's December 29, 1982 preliminary notice of foreclosure may have been timely. Its January 17, 1983 section 203.652 notice that defendants had failed to qualify for a mortgage assignment to HUD, however, improperly stated that defendants had only seven days to contact HUD and apply for a mortgage assignment, rather than the 15 days provided by the regulations.
The government-insured mortgage loan program has a salutory goal of promoting better housing for lower income individuals. See generally, Ferrell, 743 F.2d at 455-56. As Ferrell notes, the program recognizes that its mortgagors will often have difficulty making full and timely payments. Id. at 456. The notice requirements considered today, as well as the mortgage assignment program, both ensure that financially strapped homeowners will have every opportunity to take informed steps to retain their homes.
*198 Plaintiff did not give the written notice of delinquency that the regulations state it "shall" give each mortgagor in default.[6] Nor did plaintiff give defendants an accurate statement of the amount of time defendants had to contact HUD and apply for a mortgage assignment. Nothing prevents plaintiff from now giving proper notice, reconsidering defendants' eligibility for a mortgage assignment, and, if necessary, proceeding with foreclosure. For now, defendants have interposed successful affirmative defenses to foreclosure.

Conclusion
Defendants' motion for summary judgment is granted. Plaintiff's motion for summary judgment is denied.
NOTES
[1] Records submitted by plaintiff indicate that defendants missed payments with some frequency beginning in mid-1981. On March 1, 1982 defendants' entered into a forebearance agreement, which was designed to get defendants back on the payment schedule as of July 1982. There is no indication that notices of delinquency or of impending foreclosure were sent in connection with these earlier delinquencies.
[2] The record also contains a January 27, 1983 letter from Walter Haas, advising defendants to consider two alternatives to foreclosure; namely, selling their property or giving a deed in lieu of foreclosure. Plaintiff does not argue that this letter satisfied either of the notice requirements.
[3] As noted below, however, plaintiff's position is that the date of default is October 1982, even though under the regulations, late payments, if accepted, can advance the date of default. See e.g., 24 C.F.R. § 203.556. See also Ferrell v. Pierce, 560 F.Supp. 1344, 1366-68 (N.D.Ill.1983), aff'd 743 F.2d 454 (7th Cir.1984).
[4] Plaintiff may have improperly rejected defendants' tender of $808.00 on February 8, 1983. Absent special circumstances, 24 C.F.R. § 203.556 requires mortgagees to accept partial payments that amount to more than half of the amount then due. Defendants suggest that only $1,351.40 was due at this point, less than double the amount tendered. If defendants at this point owed for five months (October 1982-February 1983), however, the $808.00 was less than half of the amount due. The need to establish the date or dates of default in this case is evident.
[5] If plaintiff did not give sufficient section 203.602 delinquency notice after the October 1982 default, then it would also have to give such notice after a later default. Section 203.602 notices, however, need only be given once every six months. If plaintiff gave sufficient section 203.602 notice to Ms. Moore on November 22, 1982, it would not be obligated to issue another delinquency notice until May 1983.
[6] Plaintiff has not suggested that defendants waived any notice requirement.