MARVEL LARSON, Plaintiff-Appellant, v. MARSHALL N. PEDERSEN *et al.*, Defendants-Appellees.

Second District No. 2—03—0295

Opinion filed June 17, 2004.—Rehearing denied July 21, 2004.

Walter P. Maksym, Jr., of Chicago, for appellant.

Steven L. Larson and John A. Terselic, both of Swanson, Martin & Bell, of Waukegan, and Linda E. Spring, of Swanson, Martin & Bell, of Libertyville, for appellees.

JUSTICE BOWMAN delivered the opinion of the court:

On July 25, 2002, plaintiff, Marvel Larson, refiled a previously nonsuited medical negligence complaint against defendants, Marshall N. Pedersen, M.D., and Fox Valley Neurology. On November 6, 2002, the circuit court of McHenry County entered an order dismissing plaintiff's complaint for want of prosecution (DWP order). The court subsequently denied plaintiff's motion to vacate the DWP order. Plaintiff appeals, arguing that (1) the DWP order and previous court orders were void for lack of notice; and (2) the trial court erroneously denied her motion to vacate. We reverse and remand for further proceedings.

The record reveals that on September 12, 2002, plaintiff's attorneys sent plaintiff a notice of their motion for leave to withdraw. On September 24, 2002, the trial court entered an order granting the motion for leave to withdraw. The court entered another order on September 24, setting the matter for status on October 22, 2002, by which time plaintiff was to have obtained new counsel. The court ordered plaintiff's former attorneys to send plaintiff a copy of the order by certified mail. On October 22, counsel for defendants appeared and advised the court that plaintiff had called defense counsel's office the previous day and stated that she was ill and would not be able to attend court. She asked defense counsel to convey her request to the court for additional time to secure counsel. Defense counsel advised the court of plaintiff's request. The court granted plaintiff until November 6, 2002, to find a new attorney, and set another status for that date.

No one appeared for plaintiff on November 6 and the court dismissed the case for want of prosecution. On December 5, 2002, attorney Walter P. Maksym filed a notice of filing, a notice of motion, and a motion to vacate the DWP order. Maksym did not file an appearance on behalf of plaintiff, and none of the documents Maksym filed with the court indicated that he represented plaintiff. On the contrary, the motion stated as follows:

"[T]he undersigned counsel, who has not yet been formally retained or been able to investigate the background of this case or review the Plaintiff's client file which is still in the possession of her former counsel and has been unable to meet with Plaintiff or

determine whether he may represent her in the underlying cause, presents this Motion only so she will not suffer the loss of her cause of action."

The motion to vacate the DWP order was noticed for hearing on February 10, 2003. On that date, attorney Louis Bianchi appeared in court and stated that he was stepping up for attorney Maksym. He indicated that plaintiff was temporarily disabled and that attorney Maksym was also disabled. Bianchi informed the court that Maksym had not filed an appearance. Upon hearing this, the court denied the motion to vacate, stating that Maksym "has no standing before the court." Because plaintiff had previously voluntarily dismissed her cause of action, the trial court's dismissal for want of prosecution was with prejudice. See *Mann v. The Upjohn Co.*, 324 Ill. App. 3d 367, 376 (2001). The order denying plaintiff's motion to vacate was final and appealable. *Mann*, 324 Ill. App. 3d at 376. Plaintiff filed a notice of appeal within 30 days of the denial of her motion to vacate.

Defendants argue that we have no jurisdiction over plaintiff's appeal. They contend that, because Maksym had not filed an appearance and was not representing plaintiff when he filed the motion to vacate, he did not have authority to address the court and the motion he filed did not toll the time for appeal. Hence, defendants assert that plaintiff's appeal is untimely because she did not file a notice of appeal within 30 days of the entry of the DWP order.

■ Supreme Court Rule 13(c)(1) (134 Ill. 2d R. 13(c)(1)) states that "[a]n attorney shall file his written appearance or other pleading before he addresses the court unless he is presenting a motion for leave to appear by intervention or otherwise." Similarly, Nineteenth Judicial Circuit Court Rule 3.01 (19th Judicial Cir. Ct. R. 3.01 (eff. January 2, 1997)) requires an attorney appearing in any matter to file an appearance form. In order to reach the result defendants suggest, we would have to hold that attorney Maksym's failure to comply with these rules rendered the motion to vacate a nullity. We decline to do so for the following reasons.

■ In a case neither party has cited, the court held that a post-judgment motion filed by an attorney who was not the attorney of record was not a nullity and did toll the time for appeal. See *Ebert v. Dr. Scholl's Foot Comfort Shops, Inc.*, 137 Ill. App. 3d 550 (1985). In *Ebert*, the plaintiff obtained a new attorney after summary judgment had been entered against him. The new attorney filed a motion to vacate the summary judgment but did not file an appearance. The defendant objected to the filing because the acting attorney was not of record. The plaintiff was given seven days to file a substitution of attorneys, but did not file the substitution until two months later. The

court later denied the plaintiff's motion to vacate. *Ebert*, 137 Ill. App. 3d at 554. Like defendants in the case at bar, the defendant in *Ebert* argued that the plaintiff's appeal was untimely because the attorney who filed the motion to vacate was not of record, and, therefore, the motion was a nullity that did not toll the time for appeal. *Ebert*, 137 Ill. App. 3d at 554-55. The court rejected this argument for two reasons. First, the defendant presented no authority for nullifying an otherwise proper motion. Second, there was no indication that the failure to file a substitute appearance prior to filing the motion to vacate prejudiced the defendant or substantially inconvenienced the trial court. *Ebert*, 137 Ill. App. 3d at 555. Like the court in *Ebert*, we conclude that there is no basis for nullifying the motion to vacate filed by attorney Maksym in the case at bar.

Defendants have not presented any authority that would require us to deem plaintiff's motion to vacate a nullity. Moreover, defendants have not demonstrated any prejudice that resulted from the motion itself, which was proper but for the fact that it was filed by an attorney who did not formally represent plaintiff. We do not condone attorney Maksym's practices, and we recognize that they have caused some confusion and delay. However, we believe that these issues do not provide a basis for nullifying the motion to vacate and are best dealt with by other means. Consequently, we conclude that plaintiff's notice of appeal was timely filed.

■ Turning to the merits of the appeal, we first address plaintiff's contention that the order granting her former attorneys' motion for leave to withdraw and the subsequent orders leading up to and including the DWP order are void for lack of notice. We disagree because (1) the record belies plaintiff's assertions that she lacked notice of the orders at issue, and (2) even if notice were lacking, the orders would be voidable, not void.

Under Supreme Court Rule 13(c)(2) (134 Ill. 2d R. 13(c)(2)), an attorney who files a motion for leave to withdraw must serve a copy of that motion upon the client by certified mail. Then, if the client does not appear in court at the time the motion for withdrawal is granted, the attorney must serve the client by certified mail with a copy of the order of withdrawal and must file proof of service. 134 Ill. 2d R. 13(c)(4). The record in this case shows that plaintiff's former attorneys complied with Rule 13(c)(2). However, there is no proof of service in the record that indicates compliance with Rule 13(c)(4). For the following reasons, we do not conclude from the lack of proof of service that plaintiff never received notice of the September 24 orders.

On October 22, the date by which plaintiff was supposed to have obtained substitute counsel, counsel for defendants appeared in court

and indicated, "The Plaintiff herself called us late yesterday—said she was ill, would be unable to get here today, had not found an attorney and asked if we would continue this matter two weeks, and we told her that we would." Plaintiff does not dispute that she had this conversation with defense counsel. Thus, it is apparent that plaintiff knew that she was supposed to be in court on October 22 and that she was supposed to have obtained substitute counsel by that date. Hence, we cannot conclude that notice of the September 24 orders was entirely lacking or that the failure to file proof of service of those orders caused any harm to plaintiff.

Moreover, the record indicates that, on October 22, the matter was continued two weeks at plaintiff's request. Consequently, plaintiff has no excuse for failing to appear at the next status date on November 6. Whether defense counsel sent plaintiff a copy of the October 22 order is irrelevant, as plaintiff was responsible for following the progress of her case. *La Salle National Trust v. Lamet*, 328 Ill. App. 3d 729, 732 (2002). Even if she did not receive a copy of the order, she should have known that the next status date would be in approximately two weeks, and she easily could have ascertained the specific date and time by calling the court or defense counsel, as she had done previously. Last, it is evident that plaintiff had notice of the November 6 order dismissing her case for want of prosecution, because a motion to vacate the DWP order was filed on her behalf within 30 days of the order's entry. Under these circumstances, we reject plaintiff's contention that the orders are void for lack of notice.

In addition, it is well settled that "whether a judgment is void or voidable depends on whether the court entering the challenged order possessed jurisdiction over the parties and the subject matter." *In re Marriage of Mitchell*, 181 Ill. 2d 169, 174 (1998). A party may attack a judgment as void only when jurisdiction is totally wanting. *Mitchell*, 181 Ill. 2d at 174. There is no question that the trial court in this case had jurisdiction over the parties and the subject matter. Accordingly, even if the orders in question were entered without notice, they are not void. See *La Salle National Trust*, 328 Ill. App. 3d at 732.

■ Next, we address whether the trial court abused its discretion in denying plaintiff's motion to vacate the DWP order. Section 2—1301(e) of the Code of Civil Procedure provides that "[t]he court *** may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable." 735 ILCS 5/2—1301(e) (West 2002). The moving party has the burden of establishing sufficient grounds for vacating the judgment. *Mann*, 324 Ill. App. 3d at 377. When ruling on a motion to vacate, the predominant concern is whether substantial justice is be-

ing done between the parties and whether it is reasonable under the circumstances to proceed to trial on the merits. *Mann*, 324 Ill. App. 3d at 377. The court should consider all of the events leading up to judgment and should decide what is just and proper based on the facts of the case. *Mann*, 324 Ill. App. 3d at 377.

The court in this case denied plaintiff's motion on the ground that attorney Maksym had no standing before the court, thereby penalizing plaintiff for her prospective counsel's errors in judgment. We conclude that, in doing so, the court did not do substantial justice between the parties and abused its discretion.

Clearly, by filing the motion to vacate on plaintiff's behalf before he had agreed to represent her, attorney Maksym violated Supreme Court Rule 13(c)(1) and 19th Judicial Circuit Court Rule 3.01, which require an attorney appearing in any matter to file an appearance form. The motion to vacate also appears to violate Supreme Court Rule 137 (155 Ill. 2d R. 137), which requires that every pleading, motion, and other paper filed by a party be signed by the attorney of record, if the party is represented by an attorney, or by the party if she is appearing *pro se*. We believe that these violations are attributable to attorney Maksym, not to plaintiff. Rightly or wrongly, plaintiff was relying on attorney Maksym to handle her motion to vacate. In our view, substantial justice was not done by depriving plaintiff of her day in court because of attorney Maksym's errors.

Defendants contend that the denial of plaintiff's motion was proper because she had not complied with the court's orders to procure substitute counsel. Although plaintiff had not succeeded in finding new counsel, it appears from attorney Maksym's representations in the motion to vacate that she was making efforts to do so. Therefore, we decline to uphold the denial of the motion to vacate on that ground.

For the foregoing reasons, we reverse the judgment of the circuit court of McHenry County. Because the trial court never reached the merits of plaintiff's motion to vacate, we remand this matter in order for the court to do so. We express no opinion as to the merits of the motion to vacate.

Reversed and remanded.

HUTCHINSON and GILLERAN JOHNSON, JJ., concur.