Rule 23 order filed
May 21, 2008;
Motion to publish granted
June 16, 2008.

NO. 5-06-0664

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| BAYVIEW LOAN SERVICING, L.L.C., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | White County. |
| | ) | |
| v. | ) | No. 04-CH-40 |
| | ) | |
| JEFFREY EDEN NELSON, | ) | |
| | ) | |
| Defendant-Appellant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DENISE A. NELSON, NONRECORD | ) | |
| CLAIMANTS, UNKNOWN TENANTS, | ) | |
| and UNKNOWN OWNERS, | ) | Honorable |
| | ) | Paul W. Lamar, |
| Defendants. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE STEWART delivered the opinion of the court:

In this mortgage foreclosure action, the circuit court of White County entered a summary judgment in favor of the plaintiff, Bayview Loan Servicing, L.L.C. (Bayview), and against the defendant, Jeffrey Eden Nelson (Nelson). On November 21, 2006, the circuit court denied Nelson's motion to reconsider the summary judgment. Nelson appeals from the entry of a summary judgment and from the denial of his motion to reconsider. We reverse and remand.

BACKGROUND

On November 22, 2004, Bayview filed a complaint to foreclose a mortgage against Nelson and the other defendants, who are not parties to this appeal. Although all of the pleadings and proceedings include all of the defendants, we refer only to Nelson in this

1

opinion since he is the only appellant. In the complaint, Bayview alleged that it was the assignee of Old National Bank, to whom Nelson had executed and delivered a mortgage and promissory note secured by a parcel of real estate. Bayview alleged that Nelson's payment default entitled it to foreclose the mortgage. Bayview attached to the complaint copies of the promissory note and mortgage executed between Nelson and Old National Bank.

On December 23, 2004, Nelson filed an answer to the complaint, admitting that Bayview was the owner of the mortgage and note but denying that it was entitled to foreclose the mortgage. On March 16, 2005, Bayview filed a motion for a summary judgment. On April 22, 2005, Nelson filed a motion for leave to amend his answer, alleging that the documents Bayview had submitted to him in discovery contained new information that he did not have when he filed his original answer. The court granted Nelson's motion, and on May 25, 2005, he filed an amended answer to the complaint.

In the amended answer, Nelson denied that he executed a mortgage to Bayview. He also filed four affirmative defenses with the amended answer. In his first three affirmative defenses, he alleged that Bayview was not a proper party to the proceedings because it had refused to provide him with copies of any assignment to it from Old National Bank, it had not recorded any assignment of the mortgage between it and Old National Bank, and it had not attached to its complaint a copy of any assignment. In the fourth affirmative defense, Nelson alleged that the complaint did not include any assignment from Old National Bank as required by the Code of Civil Procedure (735 ILCS 5/1-101 *et seq.* (West 2004)). Bayview did not file a response to the affirmative defenses.

On June 17, 2005, Bayview filed an amended motion for a summary judgment, alleging that Nelson's answer contained only general denials of the allegations in its complaint and that, contrary to the allegations in Nelson's affirmative defenses, it had provided him with a recorded copy of its assignment of the mortgage from Old National

2

Bank. Bayview alleged that it was not required to attach to its complaint a copy of the assignment, but it did attach a copy of an assignment to the amended motion for a summary judgment. The attached assignment is dated June 22, 2004, and assigns Old National Bank's interest in the subject mortgage to Bayview Financial Trading Group, L.P. (the Partnership).

In the amended motion for a summary judgment, Bayview alleged that Nelson's "repeated allegations" that Bayview was unknown to him were inaccurate. In support of that statement, Bayview attached two letters which it claimed notified Nelson "of the transfer of servicing from Old National Bank" to Bayview. The first letter, dated August 6, 2004, indicated that Bayview had "acquired the servicing" of Nelson's loan from Old National Bank but that the transfer did "not affect the terms or conditions" of his loan documents, "other than the terms directly related to the servicing" of the loan. The second letter, dated September 9, 2004, indicated that the loan was in default. Bayview also alleged in the amended motion that it was entitled to a summary judgment because Nelson's answers were mere general denials without factual basis or support and insufficient to create a material issue of fact.

Nelson filed a response to the amended motion for a summary judgment, alleging that, in his amended answer, he had denied specific facts and that genuine issues of material fact existed, including issues raised in his affirmative defenses. He also argued that Bayview had admitted his affirmative defenses by failing to respond to them.

The parties appeared for a hearing on the amended motion for a summary judgment, but there is no transcript of that hearing in the record. On March 13, 2006, the court entered a summary judgment, finding that Bayview was the owner of the mortgage and note and entitled to foreclosure.

On April 21, 2006, Nelson filed a motion to reconsider the entry of the summary judgment. On August 8, 2006, at the hearing on the motion to reconsider, Judge Lamar

3

granted the parties 28 days within which to file additional pleadings.

On September 5, 2006, Nelson filed a memorandum in support of his motion to reconsider, alleging again that there were genuine issues of material fact precluding a summary judgment, that his affirmative defenses had been admitted, and that Bayview was not a proper party to the lawsuit because it had "never established by attachment or otherwise how it came into possession of the mortgage."

On September 21, 2006, Bayview filed a response to Nelson's motion to reconsider and supporting memorandum, again alleging that Nelson's general denials and affirmative defenses did not preclude a summary judgment. Bayview argued that Nelson failed to raise any substantive defense to the foreclosure action and that the court should deny the motion to reconsider and enter a judgment of foreclosure and sale.

On September 22, 2006, Bayview filed a motion for the entry of a judgment of foreclosure and order of sale, alleging that it had previously filed an affidavit proving that it was the "holder of the mortgage and note" and that it properly stood before the court. Nelson filed an answer to the motion for the entry of the judgment and an objection to a hearing on that motion prior to the court's reconsideration of the summary judgment.

On November 21, 2006, the parties appeared, and the court issued a docket order denying Nelson's motion to reconsider and granting Bayview's motion for a judgment of foreclosure and order of sale. This appeal followed.

ANALYSIS

Our review from a summary judgment order is *de novo*. *Community Bank of Greater Peoria v. Carter*, 283 Ill. App. 3d 505, 508 (1996) (*Community Bank*). A summary judgment is an appropriate remedy only if the pleadings, depositions, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law. *Purtill v. Hess*, 111 Ill. 2d 229, 240 (1986); 735

4

ILCS 5/2-1005 (West 2006). Because a summary judgment is a drastic remedy that defeats the nonmovant's right to a trial, it should be granted only where the movant's right is "so clear as to be free from doubt." *Community Bank*, 283 Ill. App. 3d at 508.

The record in this case includes only one assignment from the original mortgagee, Old National Bank. That assignment is to the Partnership, which is clearly a legal entity separate and distinct from Bayview. At the oral argument before this court, Bayview's counsel acknowledged that Bayview is a legal entity separate and distinct from the Partnership, that the Partnership is the correct legal entity to which Old National Bank assigned the mortgage and note, and that Bayview is not the correct plaintiff to have filed the complaint to foreclose the mortgage. Since Bayview is not the correct legal entity to have brought this action, the trial court's entry of the summary judgment and orders of foreclosure and sale were improper as a matter of law.

Under the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1101 *et seq.* (West 2006)), the mortgagee, or the lender, is defined as the holder of an indebtedness secured by a mortgage or one claiming through a mortgagee as a successor (735 ILCS 5/15-1208 (West 2006)). The record indicates that Old National Bank, the original mortgagee, assigned its interest in the mortgage of Nelson's property to the Partnership. The assignment from Old National Bank to the Partnership operated to transfer to the Partnership all of Old National Bank's right, title, and interest in the mortgage of Nelson's real estate. See *Community Bank*, 283 Ill. App. 3d at 508.

There is no evidence that Bayview ever obtained any legal interest in the subject property. At most, the record indicates that the Partnership relied upon Bayview to service the mortgage payments. Nelson raised this issue in his amended answer and in all subsequent pleadings. Bayview suggests that Nelson's original answer, in which he admitted that Bayview held the mortgage and note, prevented him from raising that as a factual issue in

5

later pleadings. We disagree. The trial court granted Nelson leave to file an amended answer based upon his assertions that he had obtained new information of which he had not been aware when he filed his original answer. Then, in the amended answer and all of his subsequent pleadings, Nelson raised the issue of whether Bayview was a proper party to the proceedings. Nothing in the trial court record indicates that Bayview holds the mortgage or note that is the subject of this foreclosure action. At the time the court entered the summary judgment and denied Nelson's motion to reconsider, the record indicated that the Partnership was the only legal entity with the right to institute a mortgage foreclosure action against Nelson for this particular parcel of real estate. Therefore, there was no basis for the entry of a summary judgment in favor of Bayview, a stranger to the mortgage. Additionally, because there was no basis for the entry of a summary judgment in favor of Bayview, the court improperly entered the judgment of foreclosure and order of sale. Based upon our holding, we need not address the parties' additional arguments.

## CONCLUSION

We reverse the summary judgment and the judgment of foreclosure and order of sale entered in favor of Bayview and against Nelson. Because none of the other defendants participated in this appeal, we make no rulings with regard to them but indicate that, from the record presented herein, it appears that the same principles apply to the nonappealing defendants as apply to Nelson. We remand for further proceedings consistent with this decision.


Reversed and remanded.


GOLDENHERSH and SPOMER, JJ., concur.