# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*Standard Bank & Trust Co. v. Madonia*, 2011 IL App (1st) 103516

---

| | |
|---|---|
| Appellate Court Caption | STANDARD BANK AND TRUST COMPANY, Plaintiff-Appellee, v. MICHAEL MADONIA, LISA MADONIA, MONOGRAM CREDIT CARD BANK OF GEORGIA, UNIFUND CCR PARTNERS, ASSIGNEE OF BANK ONE, COLONIAL CREDIT CORPORATION, RESURGENCE FINANCIAL LLC, CITIBANK (South Dakota) N.A., WORLDWIDE ASSET PURCHASING LLC, HARVEST CREDIT MANAGEMENT VII, MBNA AMERICA BANK NA, NONRECORD CLAIMANTS and UNKNOWN OWNERS, Defendants-Appellants. |
| District & No. | First District, Second Division<br>Docket No. 1-10-3516 |
| Filed | December 27, 2011 |
| Held<br><br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In mortgage foreclosure proceedings, the denial of defendants' motion to vacate an order granting summary judgment for plaintiff bank on the ground that the bank lacked standing because it failed to present evidence that it became the holder of the mortgage and note was upheld where the bank's pleadings were sufficient to demonstrate that it had rights to the mortgage and note pursuant to two mergers involving the original mortgagee. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-CH-04192; the Hon. Darryl B. Simko, Judge, presiding. |

| | |
|---|---|
| Judgment | Affirmed. |
| Counsel on Appeal | LOGIK Legal, LLC, of Chicago (Sabrina Herrell, of counsel), for appellants. |
| | Sosin, Arnold & Leibforth, Ltd., of Orland Park (Lawrence G. Leibforth and Steven D. Mroczkowski, of counsel), for appellee. |
| Panel | JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion. |
| | Presiding Justice Quinn and Justice Harris concurred in the judgment and opinion. |

## OPINION

¶ 1    Defendants-appellants, Michael and Lisa Madonia (collectively, the Madonias), are mortgagors who appeal from the circuit court of Cook County's denial of their motion to vacate and their motion for leave to file an amended motion to vacate the circuit court's order granting summary judgment in favor of Standard Bank and Trust Company (Standard Bank) in a mortgage foreclosure action. On appeal, the Madonias argue that Standard Bank lacks standing to bring this action because it failed to present evidence showing that it became the holder of the mortgage and note. For the following reasons, we affirm the denial of the motion to vacate as Standard Bank's pleadings complied with section 28 of the Illinois Banking Act. 205 ILCS 5/28 (West 2008).

¶ 2                                    BACKGROUND

¶ 3    This is a mortgage foreclosure action concerning the real estate commonly known as 7404 W. 56th Street, Summit, Illinois (the property). On August 18, 1997, the Madonias executed a note and mortgage in favor of the Bank of Lyons, and the mortgage granted a lien on the property to secure the note which was in the amount of $41,000. On December 1, 1998, Bank of Lyons merged with East Side Bank and Trust Company. On September 1, 2000, East Side Bank and Trust Company changed its name to Bank Chicago. On April 15, 2003, Bank Chicago merged with Standard Bank.

¶ 4    On February 2, 2009, Standard Bank brought the instant foreclosure action, due to the Madonias' default under the note and mortgage under which more than $40,000 remained due and owing. Standard Bank brought this action as successor in interest to Bank of Lyons, and as the legal owner and holder of the note and mortgage executed by the Madonias. A copy of the note and mortgage signed by the Madonias was attached to Standard Bank's

complaint. On March 29, 2010, the Madonias filed their *pro se* appearances. On May 22, 2010, the Madonias filed a verified answer to the complaint, which challenged Standard Bank's standing to bring the instant action. On June 25, 2010, Standard Bank filed its motion for summary judgment. On August 13, 2010, following a hearing on the motion for summary judgment, the trial court found in favor of Standard Bank and entered a judgment of foreclosure and sale. The judgment included Illinois Supreme Court Rule 304(a) (eff. Feb. 26, 2010) language providing that there was no just cause for the delay, enforcement or appeal therefrom.

¶ 5    On September 13, 2010, the Madonias, acting *pro se*, filed a motion under section 2-1301(e) of the Code of Civil Procedure to vacate order granting summary judgment (motion to vacate). 735 ILCS 5/2-1301(e) (West 2008). On September 21, 2010, counsel for the Madonias was granted leave to appear on their behalf. Additionally, defense counsel made an oral motion for leave to file an amended motion to vacate order granting summary judgment. The amended motion to vacate alleged that Standard Bank had accepted payments from the Madonias after filing the foreclosure action, that Standard Bank's counsel may have a conflict of interest as he may have been on its board, and that Standard Bank misled the Madonias to believe that a refinance agreement was in process when Standard Bank filed this foreclosure action. The trial court denied the Madonias' *pro se* motion to vacate order and denied defense counsel's motion for leave to file an amended motion to vacate granting summary judgment. On October 21, 2010, the Madonias filed a notice of appeal seeking review of the trial court's September 21, 2010 order denying the motion to vacate and the August 13, 2010 order granting summary judgment and entering the judgment of foreclosure and sale.

¶ 6                                                    ANALYSIS

¶ 7    Section 2-1301(e) of the Code of Civil Procedure (Code) provides:

"The court *** may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable." 735 ILCS 5/2-1301(e) (West 2002).

¶ 8    A trial court's decision to deny a motion to vacate is reviewed for an abuse of discretion. *Larson v. Pedersen*, 349 Ill. App. 3d 203, 207 (2004). "The moving party has the burden of establishing sufficient grounds for vacating the judgment." *Id*. The appellate court must determine whether the trial court's ruling denying the motion to vacate " 'was a fair and just result, which did not deny [the moving party] substantial justice.' " *Deutsche Bank National v. Burtley*, 371 Ill. App. 3d 1, 5 (2006) (citing *Mann v. The Upjohn Co.*, 324 Ill. App. 3d 367, 377 (2001)). An abuse of discretion occurs where the trial court "acts arbitrarily without the employment of conscientious judgment or its decision exceeds the bounds of reason and ignores principles of law such that substantial injustice results." (Internal quotation marks omitted.) *Mann*, 324 Ill. App. 3d at 377. "If reasonable persons could differ as to the propriety of the trial court's actions, then the trial court cannot be said to have exceeded its discretion." *Merchants Bank v. Roberts*, 292 Ill. App. 3d 925, 930 (1997).

¶ 9    The Madonias assert that a plaintiff who is not the originating lender must show how the

plaintiff obtained the note and mortgage by attaching to the complaint a copy of the assignment or a copy of the note endorsed to the plaintiff. The Madonias cite *Bayview Loan Servicing, L.L.C. v. Nelson*, 382 Ill. App. 3d 1184 (2008), and section 2-403(a) of the Code (735 ILCS 5/2-403(a) (West 2008)) in support of their contention. The Madonias further assert that Standard Bank's exhibit, attached to its complaint for foreclosure, did not contain a copy of any assignment from the original lender (Bank of Lyons) to Standard Bank. Consequently, the Madonias argue that Standard Bank's complaint amounted to a mere allegation of a legal conclusion of standing under the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1101 *et seq.* (West 2008)), which was insufficient as a matter of law to support Standard Bank's standing for the entry of judgment.

¶ 10    In reply, Standard Bank asserts that it produced documents which established that it had become the successor in interest to the original mortgagee, Bank of Lyons, making it the legal holder entitled to rights under the note and mortgage. Therefore, it argues that it had standing to bring the foreclosure action. Standard Bank relies upon the Illinois Banking Act (205 ILCS 5/28 (West 2008)), which provides that a state bank resulting from the merger of several banks, either in-state, out-of-state, or national in character, assumes the same business and corporate entity of each merging bank.

¶ 11    The resulting bank enjoys all of the "property, rights, powers, duties, and obligations of each merging bank," except where such rights are modified by law. 205 ILCS 5/28 (West 2008). The resulting bank of a merger is liable for all liabilities of the merging banks and acquires

"all the rights, franchises and interests *** and to every species of property, real, personal, and mixed, and choses in action *** belonging [to the merging banks], shall be deemed to be transferred to and vested in the resulting bank without any deed or other transfer, and the resulting bank, without any order or other action on the part of any court or otherwise, shall hold and enjoy the same and all rights of property, franchises, and interests, including appointments, designations, and nominations and all other rights and interests as trustee, executor, administrator, registrar or transfer agent of stocks and bonds, guardian, assignee, receiver, and in every other fiduciary capacity, in the same manner and to the same extent as was held and enjoyed by the merging bank." 205 ILCS 5/28 (West 2008).

¶ 12    Neither the parties nor this court could find any cases from a court of review addressing this section of the Illinois Banking Act and how it should be interpreted in the context of a mortgage foreclosure case. We find two cases, which interpret predecessor statutes, to be instructive.

¶ 13    In *Olympic Federal v. Witney Development Co.*, 113 Ill. App. 3d 981 (1983), the defendants to a mortgage foreclosure action argued, as do the Madonias here, that Olympic Federal, a savings and loan association which was a successor to Olympic Savings & Loan Association (Olympic Savings), failed to comply with section 2-403(a) of the Code (735 ILCS 5/2-403(a) (West 2008)). Section 2-403(a) provides:

"(a) The assignee and owner of a non-negotiable chose in action may sue thereon in his or her own name. Such person shall in his or her pleading on oath allege that he or she

is the actual bona fide owner thereof, and set forth how and when he or she acquired title. The action is subject to any defense or set-off existing before notice of the assignment." 735 ILCS 5/2-403(a) (West 2008).

¶ 14 Similarly to Standard Bank, Olympic Federal argued that section 2-403(a) did not apply because no assignment had occurred. Olympic Savings had entered into a merger with two other savings and loan associations, including Lincoln Savings and Loan Association, and eventually converted into a federally chartered savings and loan association. *Olympic Federal*, 113 Ill. App. 3d at 989. The trial court allowed Olympic Savings leave to amend all of its pleadings on their face to show that Olympic Federal was its successor to all interests of Olympic Savings. This court looked at sections 6-9 and 6-14 of the Illinois Savings and Loan Act (Ill. Rev. Stat. 1981, ch. 17, ¶¶ 3169, 3174), which described the effect of the merger and conversion of savings and loans. *Olympic Federal*, 113 Ill. App. 3d at 990-91. The language of sections 6-19 and 6-14 was very similar to that in section 28 of the Illinois Banking Act.

¶ 15 This court then held:

"A merged savings and loan association or one converted from state to federal is an ongoing entity that retains all of its liabilities, rights, and interests in property without the need for a transfer. The plaintiff has therefore properly established itself as the current owner of the note and mortgage, and its motion to be placed in possession was not insufficient on this basis." *Id.* at 991.

¶ 16 In *Land of Lincoln Savings & Loan v. Michigan Avenue National Bank of Chicago*, 103 Ill. App. 3d 1095 (1982), plaintiff Land of Lincoln Savings and Loan (Land of Lincoln) filed a mortgage foreclosure action against individual defendants. By reason of a 1978 merger, Land of Lincoln became the successor of American Home Savings and Loan Association (American Home), which provided the original mortgage loan to the individual defendants. *Id*. at 1097. The trial court entered summary judgment for Land of Lincoln, ordered the sale of the property, and entered a deficiency judgment against the defendants. *Id*. at 1099. On appeal, the defendants asserted that the foreclosure complaint failed to allege the assignment of the note from American Home to Land of Lincoln. *Id*. at 1105. This court agreed that there had been no assignment but noted that the complaint had alleged that Land of Lincoln was successor to American Home and that the record contained a "Certificate of Merger" between those two savings and loan associations. *Id*. at 1105. This court held:

"By statutory provision, as a result of the merger, 'all of the rights, franchises, and interest of each of the merging associations in and to every kind of property, real, personal or mixed, shall vest automatically in the continuing association, without any deed or other transfer.' (Ill. Rev. Stat. 1979, ch. 32, par. 819(b).) The pleading was not deficient for failure to allege an assignment of the note." *Id*. at 1106.

¶ 17 The Madonias argue that the instant case should be controlled by the holding in *Bayview Loan Servicing, L.L.C. v. Nelson*, 382 Ill. App. 3d 1184 (2008). In *Nelson*, Old National Bank entered into a mortgage agreement with Nelson. Old National Bank subsequently assigned its interest in the mortgage to Bayview Financial Trading Group, L.C. (the Partnership). *Id*. at 1185. Bayview Loan Servicing (Bayview) filed the mortgage foreclosure

complaint against Nelson. *Id*. Nelson filed affirmative answers to the complaint alleging that Bayview was not a proper party to the proceedings. *Id*. The trial court eventually entered summary judgment for Bayview. *Id*. at 1186. On appeal, this court considered the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1208 (West 2006)), which defines the mortgagee as "the holder of an indebtedness secured by a mortgage or one claiming through a mortgagee as a successor." *Nelson*, 382 Ill. App. 3d at 1187-88. The court pointed out that Old National, the original mortgagee, assigned its interest in the mortgage of the property at issue to the Partnership. *Id*. at 1188.

¶ 18    However, Bayview acknowledged on appeal that it was a legal entity separate and distinct from the Partnership, that the Partnership was the correct legal entity to which Old National Bank assigned the mortgage and note, and conceded that Bayview was not the correct plaintiff to have filed the complaint to foreclose the mortgage. *Id*. at 1187. Consequently, the *Nelson* court reversed the grant of summary judgment in favor of Bayview. *Id.* at 1188.

¶ 19    We agree with Standard Bank that the decision in *Nelson* has no relevance to the instant case. *Nelson* involved an assignment of a mortgage between a bank and a completely separate entity. There was no assignment in the instant case. As in *Olympic Federal* and *Land of Lincoln*, Standard Bank retained all of the interests of the Bank of Lyons, including the Madonias' mortgage and note, as a result of mergers between banks. Standard Bank submitted merger documents, including certificates reflecting the State of Illinois' approval, as exhibits to the motion for summary judgment. Because the original mortgagee merged with a bank that ultimately merged with Standard Bank, Standard Bank succeeded to the mortgage rights possessed by the original mortgagee, Bank of Lyons, as a matter of law. 205 ILCS 5/28 (West 2008).

¶ 20    A foreclosure complaint is deemed sufficient if it contains the statements and requests called for by the form set forth in section 15-1504(a) of the Mortgage Foreclosure Law (735 ILCS 5/15-1504(a) (West 2008)). Standard Bank complied with that form, pled that it was the mortgagee, and attached a copy of the mortgage and note to its complaint, as well as the aforementioned merger documents. Standard Bank's complaint was legally and factually sufficient and included allegations relative to standing. See *Mortgage Electronic Registration Systems, Inc. v. Barnes*, 406 Ill. App. 3d 1, 6 (2010). Under the plain language of section 28 of the Illinois Banking Act, Standard Bank's pleadings were sufficient to demonstrate that it had rights to the mortgage and note at issue pursuant to two mergers involving the original mortgagee. Therefore, the trial court did not abuse its discretion in denying the Madonias' motion to vacate the order granting summary judgment.

¶ 21    The Madonias' September 13, 2010 *pro se* motion to vacate averred that "[j]ust prior to this [c]ourt granting [Standard Bank's] summary judgment motion, the defendants had learned of certain facts that would have warranted the amending of their answer to [Standard Bank's] complaint and of additional affirmative defenses. Defendant Michael Madonia, through an oral motion, without success, requested that he be granted leave to amend."

¶ 22    The trial court's September 21, 2010 order denied this motion to vacate, allowed Logiklegal, L.L.C., leave to file its appearance on behalf of the Madonias as their legal counsel, and denied defense counsel's verbal request to file an amended motion to vacate.

The record does not contain a written motion for leave to file an amended motion to vacate the order granting summary judgment.

¶ 23    The Madonias' counsel has attached a document entitled "Motion for Leave to Amend Defendants Michael and Lisa Madonia's Motion to Vacate Order Granting Summary Judgment" to the appendix section of their brief on appeal. This motion is not file-stamped nor is there a notice of service attached. It is well settled that this court will not consider attachments to briefs that have not been provided to the trial court and made part of the record on appeal. *McCarty v. Weatherford*, 362 Ill. App. 3d 308, 311 (2005).

¶ 24    Our ability to review this issue is further hampered by the Madonias' failure to include in the record a transcript from the trial court's September 21, 2010 hearing on the Madonias' motion to vacate. The Madonias also failed to submit a report of proceedings, a bystander's report or an agreed statement of facts as required by Supreme Court Rule 323. Ill. S. Ct. R. 323 (eff. Dec. 13, 2005). The Madonias, as appellants, clearly had the burden to present this court with a sufficiently complete record on appeal. *Webster v. Hartman*, 195 Ill. 2d 426, 432 (2001). A court of review will resolve any doubts that arise from an incomplete record against the appellant and, absent a sufficient record on appeal, "it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." (Internal quotation marks omitted.) *McCarty v. Weatherford*, 362 Ill. App. 3d at 315. Consequently, we affirm the trial court's order denying the Madonias' oral motion for leave to file an amended motion to vacate summary judgment order.

¶ 25    For the foregoing reasons we affirm the judgment of the circuit court of Cook County.

¶ 26    Affirmed.