# Illinois Official Reports

## Appellate Court

> ### *U.S. Bank Trust National Ass'n v. Lopez*, 2018 IL App (2d) 160967

| | |
|---|---|
| Appellate Court Caption | U.S. BANK TRUST NATIONAL ASSOCIATION, Not in Its Individual Capacity but Solely as Owner Trustee for Queen's Park Oval Asset Holding Trust, Plaintiff-Appellee, v. MARIO A. LOPEZ, a/k/a Mario Augusto Lopez-Franco; MARTHA D. LOPEZ; and UNKNOWN OWNERS and NONRECORD CLAIMANTS, Defendants-Appellants. |
| District & No. | Second District<br>Docket No. 2-16-0967 |
| Filed | May 4, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 14-CH-473; the Hon. Robert G. Gibson, Judge, presiding. |
| Judgment | Affirmed in part and vacated in part.<br>Cause remanded. |
| Counsel on Appeal | Daniel S. Khwaja, of Chicago, for appellants.<br><br>Louis J. Manetti Jr., Margaret A. Manetti, Gregory J. Moody, and Lauren T. Riddick, of Codilis & Associates, P.C., of Burr Ridge, for appellee. |

| Panel | JUSTICE BURKE delivered the judgment of the court, with opinion. Justices McLaren and Schostok concurred in the judgment and opinion. |
|---|---|

**OPINION**

¶ 1    Plaintiff, U.S. Bank Trust National Association, as owner trustee for Queen's Park Oval Asset Holding Trust, filed a foreclosure suit against defendants, Mario A. Lopez, a/k/a Mario Augusto Lopez-Franco, and Martha D. Lopez. Defendants raised the affirmative defense that plaintiff lacked standing when it filed the suit. Defendants also raised the affirmative defenses that plaintiff violated Illinois Supreme Court Rule 113(b) (eff. May 1, 2013) and failed to comply with Title 24, section 203.604, of the Code of Federal Regulations (Code) (24 C.F.R. § 203.604 (2014)). The trial court struck defendants' affirmative defenses, granted plaintiff summary judgment, and entered a judgment of foreclosure and sale. On appeal, defendants challenged the trial court's orders striking their affirmative defenses and granting plaintiff summary judgment. On November 14, 2017, this court filed its opinion. We reversed the judgment of foreclosure and sale, vacated the order approving the sale, and dismissed the foreclosure. Specifically, we determined that plaintiff lacked standing. Plaintiff filed a timely petition for rehearing, disputing that holding. We granted the petition for rehearing and withdrew our opinion. For the reasons that follow, we hold that the trial court did not err in striking the affirmative defenses concerning standing and Rule 113(b). However, we hold that there are factual issues regarding plaintiff's compliance with section 203.604 and that the trial court erred in striking that affirmative defense. Therefore, we vacate the judgment of foreclosure and sale and remand the cause for further proceedings.

¶ 2                                          I. BACKGROUND

¶ 3                      A. Initial Foreclosure Proceedings and Amended Complaint

¶ 4    On March 11, 2014, plaintiff filed a complaint to foreclose the mortgage on property owned by defendants. The complaint attached the mortgage and the note. The note bore two indorsements, one from the original lender to Countrywide Bank, FSB (Countrywide), and the second from Countrywide to the Secretary of Housing and Urban Development (HUD), a nonparty to the case. The note included no indorsements or assignments to plaintiff. The complaint alleged in paragraph "n" that plaintiff was the "legal holder of the indebtedness."

¶ 5    On May 12, 2014, defendants filed an answer with affirmative defenses, claiming that plaintiff lacked standing because the note attached to the complaint was indorsed to HUD and not to plaintiff, that plaintiff failed to comply with Rule 113(b) because the note did not show an indorsement to plaintiff, and that plaintiff failed to comply with Title 24, section 203.604, of the Code.

¶ 6    On November 7, 2014, plaintiff amended its complaint to resolve any issue regarding the note. The allegations were substantially similar to those in the original complaint except that it alleged in paragraph "n" that "on March 11, 2014[,] Plaintiff was a non-holder in possession of the Note with rights of a holder. Plaintiff is currently the legal holder of the Note." Also, plaintiff attached a copy of the note bearing the same two indorsements, one from the original

lender to Countrywide and the second from Countrywide to HUD. The amended complaint included an "allonge to note" that was not filed with the original complaint. The allonge, which is undated, contains a special indorsement from HUD to Queen's Park Oval Asset Holding Trust, the trust for which plaintiff was the owner trustee.

¶ 7                          B. Defendants' Motion to Dismiss the Amended Complaint

¶ 8    On December 24, 2014, defendants filed a motion to dismiss plaintiff's amended complaint, pursuant to section 2-619.1 of the Code of Civil Procedure (735 ILCS 5/2-619.1 (West 2014)). They repeated the arguments they raised in their affirmative defenses that plaintiff lacked standing and violated Rule 113(b). Defendants claimed that the defect could not be cured by amendment. Following arguments, the court denied defendants' motion to dismiss, without prejudice.

¶ 9                    C. Defendants' Affirmative Defenses to the Amended Complaint

¶ 10    On April 16, 2015, defendants filed an answer to plaintiff's amended complaint and repeated their previous affirmative defenses. They argued again that, when the case was filed, plaintiff lacked standing, as the note attached to the complaint was indorsed to HUD and no assignment to plaintiff was attached. Defendants maintained that the allonge attached to plaintiff's amended complaint contained an indorsement executed after the filing of the original complaint. Defendants supported their answer with judicial admissions made by plaintiff throughout the proceedings that it was not in possession of an indorsed note at the time of the original filing. Defendants alleged that plaintiff violated Rule 113(b) when it amended the complaint to include the allonge. Defendants also alleged that plaintiff failed to comply with Title 24, section 203.604, of the Code because plaintiff did not provide the required face-to-face meeting or offer defendants "an opportunity to conduct one."

¶ 11             D. Striking the Affirmative Defenses, Summary Judgment, and Judicial Sale

¶ 12    Plaintiff filed a motion to strike the affirmative defenses, pursuant to section 2-619.1. The motion attached a January 16, 2014, assignment of the mortgage from HUD to plaintiff (without the note), various affidavits, and a Federal Express (FedEx) tracking label. Plaintiff argued that the standing defense was insufficiently pleaded because defendants did not properly articulate how plaintiff lacked standing and defendants failed to support their claim that a violation of Rule 113 compelled dismissal. Plaintiff maintained that the assignment established its legal capacity as a nonholder with the rights of a holder when the original complaint was filed.

¶ 13    At the hearing on the motion to strike, plaintiff produced the original note, and the trial court read a description of it into the record. The trial court determined that plaintiff was a nonholder with the rights of a holder. Following the hearing, the trial court granted plaintiff's motion and struck the affirmative defenses with prejudice.

¶ 14    With the affirmative defenses stricken, the trial court granted plaintiff's motion for summary judgment and entered a judgment of foreclosure and sale on July 18, 2016. The judicial sale occurred, and the court granted plaintiff's motion to confirm the sale on November 7, 2016. Defendants timely appeal from the court's orders striking their affirmative

defenses and granting plaintiff summary judgment.

¶ 15                                   II. ANALYSIS

¶ 16      Defendants argue that plaintiff lacked standing to sue, violated Rule 113(b), and failed to strictly adhere to the mandated servicing guidelines of Title 24, section 203.604, of the Code. We examine each issue in turn.

¶ 17      Plaintiff's motion to strike defendants' affirmative defense of standing was brought pursuant to section 2-619.1 of the Code of Civil Procedure (735 ILCS 5/2-619.1 (West 2016)). A motion under section 2-619.1 allows a party to combine a section 2-615 (735 ILCS 5/2-615 (West 2016)) motion to dismiss based upon insufficient pleadings with a section 2-619 (735 ILCS 5/2-619 (West 2016)) motion to dismiss based upon certain defects or defenses. 735 ILCS 5/2-619.1 (West 2016); *Carr v. Koch*, 2011 IL App (4th) 110117, ¶ 25 (citing *Edelman, Combs & Latturner v. Hinshaw & Culbertson*, 338 Ill. App. 3d 156, 164 (2003)). When the legal sufficiency of a complaint is challenged by a section 2-615 motion to dismiss, all well-pleaded facts in the complaint are taken as true and a reviewing court must determine whether the allegations of the complaint, construed in the light most favorable to the plaintiff, are sufficient to establish a cause of action upon which relief may be granted. *King v. First Capital Financial Services Corp.*, 215 Ill. 2d 1, 11-12 (2005). On the other hand, a motion to dismiss under section 2-619 admits the legal sufficiency of the complaint but asserts an affirmative matter that defeats the claim. *Id.* at 12. If a cause of action is dismissed due to the affirmative matter asserted in a section 2-619 motion to dismiss, the questions on appeal are whether there is a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 494 (1994). We review *de novo* an order striking a pleading pursuant to section 2-619.1. *Carr*, 2011 IL App (4th) 110117, ¶ 25.

¶ 18      The doctrine of standing requires that a party have a real interest in the action and its outcome. *Wexler v. Wirtz Corp.*, 211 Ill. 2d 18, 23 (2004). A party's standing to sue must be determined as of the time the suit is filed. *Deutsche Bank National Trust Co. v. Gilbert*, 2012 IL App (2d) 120164, ¶ 24. "[A] party either has standing at the time the suit is brought or it does not." *Village of Kildeer v. Village of Lake Zurich*, 167 Ill. App. 3d 783, 786 (1988). An action to foreclose upon a mortgage may be filed by a mortgagee or by an agent or successor of a mortgagee. *Gilbert*, 2012 IL App (2d) 120164, ¶ 15.

¶ 19      Typically, lack of standing to bring an action is an affirmative defense, and the burden of proving the defense is on the party asserting it. *Lebron v. Gottlieb Memorial Hospital*, 237 Ill. 2d 217, 252 (2010); *Bayview Loan Servicing, LLC v. Cornejo*, 2015 IL App (3d) 140412, ¶ 12. In *Gilbert*, however, we stated that, once the defendant "made out a *prima facie* showing that [the plaintiff] lacked standing, the burden shifted to [the plaintiff] to refute this evidence or demonstrate a question of fact." *Gilbert*, 2012 IL App (2d) 120164, ¶ 17 (citing *Triple R Development, LLC v. Golfview Apartments I, L.P.*, 2012 IL App (4th) 100956, ¶ 12). In *Rosestone Investments, LLC v. Garner*, 2013 IL App (1st) 123422, ¶ 28, the First District criticized our statement in *Gilbert* as violating the principle that "lack of standing is an affirmative defense, which [the] defendant alone has the burden to plead and prove." The First District noted that *Triple R Development* "concerned neither standing nor foreclosure proceedings" but, rather, "the burden of *persuasion* on a motion for summary judgment." (Emphasis in original.) *Id.* The First District concluded, "It is unclear what result the *Gilbert*

court would have reached had it required [the] defendant, rather than [the] plaintiff, to bear the ultimate burden." *Id.*

¶ 20 We are puzzled by the First District's criticism. In *Gilbert*, the plaintiff's lack of standing was asserted in the defendant's motion for summary judgment. *Gilbert*, 2012 IL App (2d) 120164, ¶ 7. On a motion for summary judgment, the burden of *persuasion* is always on the movant, but the burden of *production* can shift. *Triple R Development*, 2012 IL App (4th) 100956, ¶ 12. When we ruled that the defendant had "made out a *prima facie* showing that [the plaintiff] lacked standing" (*Gilbert*, 2012 IL App (2d) 120164, ¶ 17), we shifted to the plaintiff not "the ultimate burden" to show its standing (*Rosestone*, 2013 IL App (1st) 123422, ¶ 28) but merely the burden of production on the motion for summary judgment: to "refute [the movant's] evidence or demonstrate a question of fact" (*Gilbert*, 2012 IL App (2d) 120164, ¶ 17). Indeed, we specifically declined to decide whether, by statute (735 ILCS 5/15-1504(a)(3)(N) (West 2008)), the legislature had placed the ultimate burden on the plaintiff. *Gilbert*, 2012 IL App (2d) 120164, ¶ 16. Thus, though the First District accused us of concocting a baseless "burden-shifting scheme" (*Rosestone*, 2013 IL App (1st) 123422, ¶ 28), the "scheme" was merely that which applies on a motion for summary judgment, which was the procedural posture of the case before us.

¶ 21 That said, the disagreement in the above cases has no bearing on this case. Here, the procedural posture was plaintiff's section 2-619.1 motion to strike defendants' affirmative defense of lack of standing. Regardless of where the burden (or burdens) lay, the trial court properly granted that motion.

¶ 22 Defendants' standing defense attacks plaintiff's position only as the holder of the note when the original complaint was filed.[1] Plaintiff's amended complaint (with the allonge attached) indicates that it is presently the holder of the note, but it alleges that, when the original complaint was filed, it was a nonholder in possession of the note with the rights of a holder. The standing defense never challenged this assertion. Further, plaintiff's contention that it had the rights of a holder when the original complaint was filed was supported by the assignment from HUD to plaintiff, which predated the filing of that complaint.

¶ 23 Pursuant to section 3-301 of the UCC, a person can enforce a negotiable instrument as a holder or as a nonholder in possession of the instrument who has the rights of a holder. 810 ILCS 5/3-301 (West 2014). The fact that here the note was indorsed to HUD, and not to plaintiff, when the original complaint was filed proves only that plaintiff was not the holder of the note at that time. By attaching a copy of the note to the original complaint, and later presenting the original note in open court, plaintiff validated that it was a nonholder in possession of the note. Further, the assignment of the mortgage from HUD to plaintiff, which predated the filing of the original complaint, showed that plaintiff had the right to enforce the note at that time. See *HSBC Bank USA, N.A. v. Hardman*, No. 12 C 00481, 2013 WL 515432, at *4 (N.D. Ill. Feb. 12, 2013) (note was not indorsed to plaintiff, but plaintiff had rights of a holder through the assignment of the mortgage); *Deutsche Bank v. Tucker*, No. 11 C 8062, 2012 WL 2872456, at *2-3 (N.D. Ill. July 12, 2012) (note was not indorsed to plaintiff, but plaintiff had rights of a holder to enforce through a pooling and servicing agreement).

---

[1]The Uniform Commercial Code (UCC) defines "holder" to mean "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." 810 ILCS 5/1-201(21)(A) (West 2014).

¶ 24    Defendants attempt to distinguish *Hardman* and *Tucker* by arguing that the notes in those were unindorsed, whereas the note in the present case was indorsed to HUD. We fail to see any distinction between a note payable under its terms to an entity that is not the plaintiff and a note payable through indorsement to an entity that is not the plaintiff. Both situations establish only that the plaintiff is not the holder of the note. Plaintiff concedes that it was not the holder of the note when the original complaint was filed. Defendants' argument sheds no light on whether plaintiff was in possession with the rights of a holder.

¶ 25    Similarly, defendants cite section 3-201 of the UCC (810 ILCS 5/3-201 (West 2014)) to demonstrate that negotiation of a note requires an indorsement by the holder. Section 3-201 simply details how one becomes a holder and, again, has nothing to do with a nonholder's potential ability to enforce an instrument under section 3-301.

¶ 26    Defendants rely on *Gilbert* and *Bayview Loan Servicing, L.L.C. v. Nelson*, 382 Ill. App. 3d 1184 (2008), where both plaintiffs claimed standing as holders of the notes. In *Gilbert*, the note and mortgage identified as the mortgagee Mortgage Electronic Registration Systems, Inc. (MERS), not the plaintiff. *Gilbert*, 2012 IL App (2d) 120164, ¶ 17. The assignment of the mortgage to the plaintiff was executed *after* the complaint had been filed, and the plaintiff's attempt to show an earlier assignment through affidavit was inadmissible. *Id.* ¶¶ 17, 19. In *Nelson*, there was no assignment to the plaintiff of any interest in the mortgage or the note before the complaint was filed. *Nelson*, 382 Ill. App. 3d at 1187-88. In neither case was there competent evidence establishing the plaintiff as the holder of the note. In this case, the mortgage clearly was assigned to plaintiff before the original complaint was filed, and the complaint attached a copy of the note. Thus, there was evidence establishing that plaintiff was in possession of the note with the rights of a holder to enforce the note. Striking defendants' affirmative defense on standing was proper.

¶ 27    Defendants next contend that the trial court erred in denying their section 2-619.1 motion to dismiss based on a violation of Rule 113(b). Defendants argue that plaintiff violated Rule 113(b) because it attached to the original complaint a note that was indorsed to HUD and that the later production of the allonge transferring the note to the trust established the violation because the allonge was not attached to the original complaint.

¶ 28    Rule 113(b) provides that, in addition to the documents listed in section 15-1504 of the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1504 (West 2014)), "a copy of the note, as it currently exists, including all indorsements and allonges, shall be attached to the mortgage foreclosure complaint at the time of filing." Ill. S. Ct. R. 113(b) (eff. May 1, 2013).

¶ 29    Plaintiff attached to the original complaint all the necessary documents that existed at the time of filing. These did not include the allonge, as it did not exist at that time. It might have been prudent for plaintiff to attach the assignment, which was executed before the original complaint was filed, but that was not called for under the rule. Accordingly, plaintiff did not violate Rule 113(b).

¶ 30    Finally, defendants contend that granting plaintiff's section 2-619.1 motion to strike was inappropriate on the issue of plaintiff's compliance with Title 24, section 203.604, of the Code.

¶ 31    Defendants' mortgage was insured by HUD, and therefore it is subject to specific servicing requirements. See 24 C.F.R. § 203.500 (2014); *Federal National Mortgage Ass'n v. Moore*, 609 F. Supp. 194, 196 (N.D. Ill. 1985). The failure to comply with HUD's servicing requirements is a defense to a mortgage foreclosure action. *PNC Bank, National Ass'n v. Wilson*, 2017 IL App (2d) 151189, ¶ 18.

¶ 32        Section 203.604(b) requires that "[t]he mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid." 24 C.F.R. § 203.604(b) (2014). "A reasonable effort to arrange a face-to-face meeting with the mortgagor" has two elements. *Id.* § 203.604(d). The first element "shall consist at a minimum of one letter sent to the mortgagor certified by the Postal Service as having been dispatched." *Id.* The second element "shall also include at least one trip to see the mortgagor at the mortgaged property." *Id.* A mortgagor may not institute foreclosure proceedings before complying with section 203.604. See *id.* § 203.500.

¶ 33        Defendants contend (in their original appellants' brief) that plaintiff never sent a letter, certified by the postal service as having been dispatched, offering a meeting with plaintiff as required by section 203.604. Defendants offered the affidavit of Mario Lopez declaring nonreceipt of any *certified* letter offering a face-to-face meeting.

¶ 34        Plaintiff asserted in the trial court and on appeal that a letter was sent (albeit through FedEx) to defendants on August 5, 2011, and that a field representative visited the subject property on August 9 and August 16, 2011, and met with Mario Lopez. According to plaintiff, this assertion, which was supported by affidavit, demonstrates substantial compliance with the mandated servicing guidelines of section 203.604. Plaintiff attached to its affidavit an exhibit purporting to be the letter sent to defendants on August 5, 2011, and an exhibit purporting to be the FedEx shipping label.

¶ 35        Defendants maintain that there was no visit to the property and no meeting with a representative of plaintiff. They assert that, without receiving a certified letter, they could not have known that a visit to the property would have occurred. Furthermore, defendants contend that whether plaintiff ever visited the property is inconsequential, as section 203.604 requires both the sending of a certified letter and a personal visit to constitute a reasonable effort at arranging a face-to-face meeting. Plaintiff maintains that sending the letter via FedEx is merely a technical defect in the notice because it is a reliable way of sending documents, sharing characteristics with certified mail. Plaintiff correctly notes that section 203.604 does not require proof of delivery. Rather, it requires only that the letter be certified as "having been dispatched." 24 C.F.R. § 203.604(d) (2014).

¶ 36        Since the filing of this appeal, this court in *U.S. Bank Trust National Ass'n v. Hernandez*, 2017 IL App (2d) 160850, ¶¶ 32-33, held that the plaintiff failed to prove, as a matter of law, that it fulfilled section 203.604(d)'s "attempt-by-letter" requirement because the FedEx shipping label did not demonstrate conclusively that the plaintiff sent the defendants a letter offering a face-to-face meeting. Notably, we did not decide "whether use of a private carrier can constitute substantial compliance with the 'attempt-by-letter' requirement of section 203.604(d), for even if we construed the section in [the bank's] favor, we would hold that [the bank] failed to comply with its requirements." *Id.* ¶ 32.

¶ 37        As in *Hernandez*, plaintiff here has failed to offer proof of dispatch as a matter of law. Plaintiff presented only the shipping label, which does not demonstrate irrefutably that plaintiff sent defendants a letter offering a face-to-face meeting. See *id.* Plaintiff cites a 55-page record of a "screenprint," which purportedly shows a dispatch. But plaintiff does not identify the specific page showing the dispatch. The various notations on the "screenprint" do not explicitly identify the dispatch, and plaintiff does not identify the relevant notation to

support its position. Further, the affidavit of Kacy Prather does not explain how the "screenprint" establishes the dispatch.

¶ 38 Furthermore, in his affidavit, Mario Lopez specifically denied that he received a letter by certified mail from plaintiff and denied being "offered a face-to-face meeting at a local Housing and Urban Development office, one of plaintiff's local banks, or other H.U.D. related servicing office." Construing his affidavit in the light most favorable to defendants, as we must (see *Floyd v. Rockford Park District*, 355 Ill. App. 3d 695, 699 (2005)), we read it as denying that he received any letter offering defendants a face-to-face meeting. See *Hernandez*, 2017 IL App (2d) 160850, ¶ 34.

¶ 39 In its petition for rehearing, plaintiff argues that the "Assignment of Mortgage from HUD to Plaintiff pre-dates the filing of the complaint and thereby illustrates the removal of HUD requirements from the loan—*i.e.*, a non-HUD insured loan cannot logically be said to have HUD-mandated requirements." Plaintiff did not raise this argument in the trial court or in its original response brief filed in this appeal, and we find that it is forfeited. See *IPF Recovery Co. v. Illinois Insurance Guaranty Fund*, 356 Ill. App. 3d 658, 666 (2005). We express no opinion as to the merits of this claim.

¶ 40 Accordingly, we conclude that granting plaintiff's motion to strike was improper because plaintiff did not establish as a matter of law that it complied with section 203.604.

¶ 41                                   III. CONCLUSION

¶ 42 For the preceding reasons, we affirm the order granting plaintiff's motion to strike defendants' affirmative defenses relating to standing and Rule 113(b). We vacate the order granting plaintiff's motion to strike defendant's affirmative defense concerning plaintiff's compliance with Title 24, section 203.604, of the Code. Further, we vacate the judgment of foreclosure and sale, and we remand the cause for further proceedings.

¶ 43         Affirmed in part and vacated in part.

¶ 44         Cause remanded.