2016 IL App (1st) 143720

THIRD DIVISION
January 27, 2016

No. 1-14-3720

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 08 CH 46043 |
| | ) | |
| NEIL HANSEN, | ) | Honorable |
| | ) | Robert E. Senechalle, |
| Defendant-Appellant. | ) | Judge Presiding. |

PRESIDING JUSTICE MASON delivered the judgment of the court.
Justices Fitzgerald Smith and Lavin concurred in the judgment.

## OPINION

¶ 1    This case arises out of a mortgage foreclosure on residential property owned by defendant Neil Hansen. Hansen appeals from the trial court's denial of his motion to vacate the default judgment of foreclosure and sale in favor of plaintiff Wells Fargo Bank. He also appeals from the judgment confirming the sale of the property following the foreclosure, arguing that Wells Fargo failed to comply with certain Home Affordable Modification Program (HAMP) guidelines. Finding no error, we affirm.

¶ 2                           BACKGROUND

¶ 3    The property that is the subject of these foreclosure proceedings is commonly known as 1426 Campbell Avenue in Des Plaines, Illinois. In January 2007, Hansen and Noelle Kiener (not a party to this appeal) executed a mortgage in the amount of $360,000 in favor of their original

lender, UBS AG Tampa Branch. Hansen also signed a note evidencing the loan from UBS. The mortgage was later assigned to Wells Fargo.

¶ 4     On December 10, 2008, Wells Fargo filed a complaint against Hansen, among others, seeking to foreclose the mortgage. The complaint alleged that the mortgagors had defaulted in payments due beginning August 1, 2008. Wells Fargo amended the complaint two months later, in February 2009, and the court allowed service by publication on Hansen after several personal service attempts failed. In May 2009, Wells Fargo moved for default judgment, as Hansen had neither appeared nor answered the complaint. In support, Wells Fargo submitted a certificate proving up foreclosure fees as well as an affidavit stating that $398,386 was due and owing as of September 3, 2009. The trial court granted Wells Fargo's motion for default judgment on September 3 and entered a judgment of foreclosure and sale on the property.

¶ 5     Almost three years later, on June 7, 2012, Wells Fargo moved to vacate the judgment of foreclosure "due to an error." The motion did not specify and our review of the record does not reveal the nature of the error. The trial court continued the motion to July 24, 2012, for Wells Fargo to provide the court with a copy of the order allowing service by publication on Hansen. On July 24, Wells Fargo withdrew its motion without prejudice. Two days later, on July 26, Hansen filed an appearance through counsel.

¶ 6     No further action was taken until April 1, 2013, when Wells Fargo moved for entry of an order of default and judgment of foreclosure and sale. The motion was amended on April 5, 2013 and once again supported with an affidavit stating that the amount due and owing was now $487,094. On April 19, 2013, after Hansen failed to file an answer, the court granted the motion and entered judgment in favor of Wells Fargo on the complaint for foreclosure and sale.

¶ 7    On June 7, 2013, Wells Fargo moved to set aside the default judgment of foreclosure and sale entered on September 3, 2009 *nunc pro tunc* to April 19, 2013.  In its motion, Wells Fargo noted that at the time it moved for default in April 2013, it had "inadvertently" neglected to re-notice its motion to vacate the 2009 default judgment.  Thus, it sought an order vacating the September 3, 2009 default judgment *nunc pro tunc* to April 19, 2013, the date the court granted default judgment for the second time.

¶ 8    The trial court granted Wells Fargo's motion on August 21, 2013, in an order stating: "1. The Default Judgment of Foreclosure and Sale entered September 3, 2009 is hereby vacated, without cost, *nunc pro tunc* to April 19, 2013; 2. [T]he Judgment of Foreclosure and Sale entered on April 19, 2013 remains in full force and effect."

¶ 9    On September 20, 2013, Hansen, through his attorney, moved to vacate the order of default; an amended motion followed on October 8, 2013.  The amended motion argued that Wells Fargo's motion to vacate the September 2009 order *nunc pro tunc* to April 19, 2013, was an attempt to avoid compliance with certain Illinois Supreme Court Rules that went into effect May 1, 2013, requiring submission of a prove-up affidavit and a loss mitigation affidavit in mortgage foreclosure cases.  The motion also raised several affirmative defenses, contending that: (1) Hansen qualified for a HAMP loan modification in 2010 and other loss mitigation programs; (2) Wells Fargo informed him that his loan was still active as of 2013; (3) the judgment amount was inflated; (4) Wells Fargo lacked standing; and (5) judgment was erroneously entered on Wells Fargo's original complaint when an amended complaint had been filed.  Finally, Hansen argued that Wells Fargo's motion for the *nunc pro tunc* order did not comply with the requirements for notice under Illinois Supreme Court Rules 12, 131 (eff. Jan. 4, 2013), and Rule 105 (eff. Jan. 1, 1989).

¶ 10     On December 4, 2013, after briefing, the trial court denied Hansen's motion to vacate the default judgment. The written order stated no reasons for denial of the motion. No transcript of the hearing on the motion is included in the record.

¶ 11     Wells Fargo first scheduled a judicial sale of the property on October 2, 2013, which was stayed pending resolution of Hansen's motion to vacate. Following the trial court's denial of the motion, Wells Fargo scheduled a judicial sale on January 17, 2014. Hansen filed an emergency motion to stay the sale on January 16, 2014, and another emergency motion after the sale was rescheduled to February 20, 2014. Wells Fargo then rescheduled the sale two more times. The judicial sale of the property was ultimately held on June 27, 2014, after the trial court denied Hansen's third motion to stay the sale. Wells Fargo moved to approve the sale on July 9, 2014, and Hansen filed an objection to confirmation on September 23, 2014, arguing that the original lender was unlicensed and that it was more likely than not that Wells Fargo failed to comply with HAMP guidelines. On November 6, 2014, after a hearing, the court granted the motion to confirm sale, holding that Hansen did not meet his burden of showing that the original lender was unlicensed. The court further found that Hansen "failed to establish that this property was sold in material violation of any of the HAMP regulations." Hansen timely appealed.

¶ 12                                        ANALYSIS

¶ 13     Hansen first challenges the circuit court's denial of his motion to vacate the April 19, 2013 default judgment brought pursuant to section 2-1301(e) of the Code of Civil Procedure, 735 ILCS 5/2-1301(e) (West 2012)). In evaluating a section 2-1301(e) motion, the trial court considers the moving party's due diligence and the existence of a meritorious defense. *Wells Fargo Bank, N.A. v. McCluskey*, 2013 IL 115469, ¶ 27.

¶ 14    Initially, the parties dispute the standard of review for motions to vacate. Hansen urges us to apply a *de novo* standard, while Wells Fargo argues that we should review the order for an abuse of discretion. In support of his position, Hansen cites *Muhammad v. Muhammad-Rahmah*, 363 Ill. App. 3d 407, 415 (2006); however, that case involved a motion to reconsider, while Hansen brought his motion pursuant to section 2-1301(e). The latter explicitly provides that "[t]he court may *in its discretion*, before final order or judgment, set aside any default." (Emphasis added.) 735 ILCS 5/2-1301(e) (West 2012). It follows that our review of a trial court's denial of a motion to vacate is for an abuse of that discretion. See *Aurora Loan Services, LLC v. Kmiecik*, 2013 IL App (1st) 121700, ¶ 26. A trial court abuses its discretion when it "acts arbitrarily without the employment of conscientious judgment or if its decision exceeds the bounds of reason and ignores principles of law such that substantial prejudice has resulted." *Marren Builders, Inc. v. Lampert*, 307 Ill. App. 3d 937, 941 (1999).

¶ 15    As an initial matter, we must evaluate whether the record is sufficient to conduct a review for an abuse of discretion. It is appellant's burden to provide a sufficiently complete record to support a claim of error, and in the absence of that record we must presume that the trial court's order conformed to the law and had a sufficient factual basis. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Here, Hansen has provided neither a report of proceedings of the hearing on his motion to vacate nor a sufficient substitute, such as a bystander's report or an agreed statement of facts. See Ill. S. Ct. R. 323 (eff. Dec. 13, 2005). As such, we do not know whether the trial court heard evidence on the motion, what the parties argued, or–most importantly–the basis for the court's decision. Without this information, we must presume that the trial court did not act arbitrarily but within the bounds of reason, keeping in mind relevant legal principles. See *Foutch*, 99 Ill. 2d at 392 (absent transcript of hearing on motion to vacate, no basis for holding

trial court abused discretion); see also *Illinois Founders Insurance Co. v. Williams*, 2015 IL App (1st) 122481, ¶ 56 (appellate court unable to "divine the trial court's reasoning" behind its decision in absence of report of proceedings and thus could not determine whether decision constituted an abuse of discretion).

¶ 16    Because the record does not reflect the reasons the trial court denied the motion to vacate, Hansen can prevail only if he demonstrates that he was entitled to have the default judgment vacated as a matter of law. See *Thompson v. Gordon*, 356 Ill. App. 3d 447, 461 (2005) (trial court's error of law is *per se* abuse of discretion). He has failed to do so. A number of Hansen's contentions of error, such as the omission of the attorney's phone number on the motion for default, the lack of clarity in the title of the motion, and an order entering default judgment on the "Complaint" rather than the "Amended Complaint," are patently frivolous, in that Hansen suffered no prejudice from these so-called errors. And Hansen's allegation that Wells Fargo failed to provide a loss mitigation affidavit in accordance with Supreme Court Rule 114 is premised on the erroneous contention that the default judgment was entered on August 21, 2013, after the effective date of that rule. See Ill. S. Ct. R. 114 (eff. May 1, 2013). But the order of August 21 only vacated, *nunc pro tunc*, the original default judgment of September 3, 2009; the default order at issue was entered on April 19, 2013, prior to the effective date of Rule 114. Finally, Hansen's argument that Wells Fargo lacked standing was untimely and did not entitle him to vacatur of the judgment as a matter of law. See *Mortgage Electronic Registration Systems, Inc. v. Barnes*, 406 Ill. App. 3d 1, 6-7 (2010) (defendant forfeited issue of standing by failing to raise issue prior to entry of judgment of foreclosure). In sum, none of these alleged errors, standing alone or taken together, mandate the conclusion that the trial court abused its discretion or otherwise erred in denying Hansen's motion to vacate the default judgment.

¶ 17   We turn then to Hansen's challenge to the order confirming the sale, to which an abuse of discretion standard of review applies. *Household Bank, FSB v. Lewis*, 229 Ill. 2d 173, 179 (2008). Section 15-1508(d-5) of the Illinois Mortgage Foreclosure Law provides that a sale shall be set aside if the mortgagor proves "by a preponderance of the evidence that (i) the mortgagor has applied for assistance under the Making Home Affordable Program * * * and (ii) the mortgaged real estate was sold in material violation of the program's requirements for proceeding to a judicial sale." 735 ILCS 5/15-1508(d-5) (West 2012); see also *CitiMortgage, Inc. v. Bermudez*, 2014 IL App (1st) 122824, ¶ 59. A preponderance of the evidence is proof that the fact at issue is more likely true than not. *In re N.B.*, 191 Ill. 2d 338, 343 (2000).

¶ 18   Initially, Hansen argues that the trial court applied the incorrect standard when it stated that Hansen "has failed to establish that this property was sold in material violation of any of the HAMP regulations." According to Hansen, the trial court's use of the word "establish" meant that the court required "[proof] with all certainty." We disagree, as a fact may be "establish[ed]" by a preponderance of the evidence. See, *e.g.*, *Michael v. Precision Alliance Group, LLC*, 2014 IL 117376, ¶ 20. It does not follow that because the trial court did not specify the standard it was using, it necessarily applied the wrong standard.

¶ 19   Turning to the merits, Hansen contends that Wells Fargo "illegally revoked" a loan modification under HAMP in 2010.[1] According to Hansen, he was approved for a trial loan modification in early 2010 and made three trial payments in February, March, and April 2010. Under HAMP guidelines, "[b]orrowers who make all trial period payments timely and *who satisfy all other trial period requirements* will be offered a permanent modification." (Emphasis added.) Making Home Affordable Program, Handbook for Servicers of Non-GSE Mortgages 46

---

[1] HAMP is a component of the Making Home Affordable Program referenced in section 15-1508(d-5). *Bermudez*, 2014 IL App (1st) 122824, ¶ 64 (quoting 12 U.S.C. § 5219a (2012)).

(Aug. 19, 2010), *available at*

https://www.hmpadmin.com/portal/programs/docs/hamp_servicer/mhahandbook_10.pdf.

Despite allegedly making timely payments during his trial period, Hansen was denied a

permanent modification. This denial serves as the basis for several of Hansen's arguments

against confirmation of the sale.

¶ 20     Significantly, Hansen has not demonstrated that the decision to deny a permanent loan

modification prevents the judicial sale of a foreclosed property. To be sure, HAMP guidelines

require the suspension of a sale where a HAMP application is pending (see *CitiMortgage, Inc. v.

Johnson*, 2013 IL App (2d) 120719, ¶ 34; *CitiMortgage, Inc. v. Lewis*, 2014 IL App (1st)

131272, ¶ 49), but, here, Hansen has abandoned his argument that a HAMP application was

pending at the time of the judicial sale.

¶ 21     In any event, Hansen has not met his burden to show that Wells Fargo's denial of a

permanent modification was contrary to HAMP guidelines.   First, in his motions to stay the sale,

all of which were incorporated by reference in his response to Wells Fargo's motion to confirm

the sale, Hansen specifically alleges that he was never advised by Wells Fargo that he had

satisfied "all other trial period requirements," nor does he affirmatively allege that he had, in fact,

satisfied those requirements.   In fact, Hansen failed to provide the court his HAMP application

or any documents from Wells Fargo establishing the terms on which his application had

allegedly been approved.  As such, pursuant to HAMP, Wells Fargo was not required to make

the modification permanent.  Moreover, the only support for Hansen's assertion that he made

timely trial payments in connection with a trial loan modification offer is his attorney's letter to

Wells Fargo documenting what she was told by a Wells Fargo employee.  However, in Hansen's

motion to stay the sale, he admits that he was later told that the employee's comments regarding

the trial modification offer and timeliness of his trial payments were inaccurate. Under these circumstances, we cannot say the trial court abused its discretion in finding that Hansen had not shown, by a preponderance of the evidence, that his loan modification request was improperly rejected so as to justify vacating the sale.

¶ 22    Nor has Hansen established any other HAMP violations by a preponderance of the evidence. He points out that pursuant to HAMP, a loan servicer must provide a written certification that available loss mitigation alternatives have been exhausted prior to proceeding to a judicial sale. Making Home Affordable Program, Handbook for Servicers of Non-GSE Mortgages § 3.4.3, at 64 (Mar. 3, 2014), *available at* https://www.hmpadmin.com/portal/programs/docs/hamp_servicer/mhahandbook_44.pdf. But Hansen offers no evidence that Wells Fargo failed to provide this certification, and indeed admits that he does not know whether such evidence exists. This falls far short of his burden to prove the violation more likely than not occurred. Consequently, because Hansen failed to sustain his burden to demonstrate any HAMP violations that would have precluded confirmation of the judicial sale, the trial court did not abuse its discretion in overruling Hansen's objections.

¶ 23                                      CONCLUSION

¶ 24    For the reasons stated, we affirm the trial court's orders entering the default judgment of foreclosure and confirming the sale.

¶ 25    Affirmed.