2020 IL App (1st) 190526-U

No. 1-19-0526

Order filed April 16, 2020

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT
_____

| | | |
|---|---|---|
| DIAHANN GRASTY, | ) | Appeal from the Circuit |
| | ) | Court of Cook County. |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | No. 18 OP 77299 |
| | ) | |
| LITTLE ESTHER JOHNSON, | ) | Honorable |
| | ) | Jeanne Marie Wrenn, |
| Respondent-Appellee. | ) | Judge, presiding. |

_____

JUSTICE LAMPKIN delivered the judgment of the court.
Presiding Justice Gordon and Justice Burke concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm the circuit court's judgment because the record on appeal is insufficient to support appellant's contentions of error.

¶ 2    Petitioner Diahann Grasty appeals from the circuit court's order vacating a stalking no contact order previously entered against respondent Little Esther Johnson. Grasty argues that the circuit court abused its discretion and denied her due process when vacating the stalking no contact order and that the trial judge should have recused herself due to bias and because she allegedly had

an *ex parte* communication with Johnson. For the following reasons, we affirm the circuit court's judgment.[1]

¶ 3                                    I. BACKGROUND

¶ 4      The record on appeal does not include any transcripts of the proceedings in the circuit court. We thus draw the following facts solely from the pleadings and orders contained in the common law record.

¶ 5      On September 20, 2018, Grasty filed a *pro se* petition for a stalking no contact order against Johnson under the Stalking No Contact Order Act (740 ILCS 21/1, *et seq.* (West 2018)). Grasty alleged that, on August 30, 2018, Johnson followed her and threatened to "kick [her] ass" and take her phone, which Grasty was using to record the incident. Grasty also alleged that, on September 20, 2018, "someone" told her that if she "present[ed] the video of Ms. Johnson," she should not "come back home" because Johnson "would be carrying a gun."

¶ 6      The same day, Judge Marina Ammendola of the circuit court entered an emergency stalking no contact order that was to remain in effect until October 11, 2018. The order prohibited Johnson from stalking or threatening to stalk Grasty, having any contact with Grasty, or knowingly coming within 500 feet of Grasty's residence or any community event sponsored by Grasty. The order stated that Johnson had "follow[ed]" Grasty and "com[e] to her home and threaten[ed] her with a gun on more than 2 occasions." The order also indicated that the court made oral findings, but as noted above, there is no transcript of the hearing in the record on appeal.

---

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

¶ 7     On October 11, 2018, the circuit court extended the stalking no contact order to October 23, 2018. At the same time, Judge Ammendola transferred the matter to Judge Jeanne Marie Wrenn, who was presiding over a separate action between the parties also involving a stalking no contact order. The record on appeal contains no additional information about the other action. On October 23, 2018, Judge Wrenn entered an order further extending the stalking no contact order to March 12, 2019.

¶ 8     On March 12, 2019, following a hearing attended by both parties, Judge Wrenn entered an order vacating the stalking no contact order and dismissing the case. Again, there is no transcript of the hearing in the record on appeal and the order itself does not indicate the reasons for the court's actions.

¶ 9     On March 13, 2019, Grasty filed a notice of appeal. The same day, Grasty purportedly filed a motion seeking Judge Wrenn's recusal, but the record on appeal includes only Grasty's notice of filing and not the motion itself. There is no indication in the record that Judge Wrenn ever ruled on a recusal motion.

¶ 10                                        II. ANALYSIS

¶ 11     Proceeding *pro se* on appeal, Grasty contends that the circuit court abused its discretion in vacating the stalking no contact order by improperly excluding evidence that she offered, allowing Johnson to present false evidence, and making erroneous factual findings. Additionally, Grasty asserts that the circuit court dismissed the case based on her violation of a rule against taking photographs in the courthouse, which she contends was an excessive sanction. Grasty also contends that the circuit court violated her right to due process by failing to afford her an opportunity to be heard before vacating the stalking no contact order and dismissing the case. Finally, Grasty argues that Judge Wrenn should have recused herself because she was biased

against Grasty and allegedly had an *ex parte* communication with Johnson. Although Johnson has not filed an appellee's brief, we are able to resolve the appeal because "the record is simple and the claimed errors are such that [we] can easily decide them without the aid of an appellee's brief." *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 12    As the appellant, it was Grasty's "burden to present a sufficiently complete record of the proceedings [in the trial court] to support [her] claim[s] of error." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). "[I]n the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with [the] law and had a sufficient factual basis." *Id.* at 392. Moreover, because Grasty bore the burden of presenting the record on appeal, "[a]ny doubts which may arise from the incompleteness of the record will be resolved against [her]." *Id.*

¶ 13    The record on appeal fails to support any of Grasty's contentions of error. As noted above, the record contains no transcripts of any of the hearings held in the circuit court, including the hearing that the court held on March 12, 2019, before vacating the stalking no contact order and dismissing the case. Moreover, no document in the common law record, including the order entered on March 12, 2019, explains the reasons for the court's decision to vacate the stalking no contact order and dismiss the case. Due to these deficiencies in the record, we are unable to evaluate any of Grasty's claims.

¶ 14    First, we cannot review Grasty's challenges to the circuit court's evidentiary rulings. "The admission of evidence is a matter within the discretion of the trial court, and evidentiary rulings will not be reversed absent an abuse of discretion." *Wheeler Financial, Inc. v. Law Bulletin Publishing Co.*, 2018 IL App (1st) 171495, ¶ 104. Here, we do not know what evidence the court admitted and excluded, nor do we know the reasons for the court's rulings. "Without this

information, we must presume that the trial court did not act arbitrarily but within the bounds of reason, keeping in mind relevant legal principles." *Wells Fargo Bank, N.A. v. Hansen*, 2016 IL App (1st) 143720, ¶ 15.

¶ 15   For the same reason, the record is inadequate to support Grasty's challenge to the circuit court's factual findings. The standard of proof in proceedings concerning stalking no contact orders is proof by a preponderance of the evidence. 740 ILCS 21/30(a) (West 2018). On appeal, we defer to a circuit court's factual findings in support of a stalking no contact order unless the findings are against the manifest weight of the evidence. *Nicholson v. Wilson*, 2013 IL App (3d) 110517, ¶ 11. "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly apparent or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *Id.* ¶ 22. With no transcript of any hearing held in the circuit court or any written order describing the circuit court's factual findings, we cannot say that the court's findings were against the manifest weight of the evidence. Instead, we must "presume[ ] that the order entered by the trial court was in conformity with [the] law and had a sufficient factual basis." *Foutch*, 99 Ill. 2d at 392.

¶ 16   The record similarly fails to support Grasty's contention that the circuit court's decision to vacate the stalking no contact order and dismiss the case was an excessive sanction for her violation of a rule against taking photographs in the courthouse. Contrary to Grasty's assertion, nothing in the record suggests that the court's order was premised on her violation of a court rule. Because we must resolve any doubts arising from the incompleteness of the record against Grasty (*Foutch*, 99 Ill. 2d at 392), we cannot accept her assertion that the court's decision was entered as a sanction for her violation of a court rule. Nor, in any event, could we say that such a sanction would have

been excessive, since the record reveals none of the circumstances surrounding Grasty's purported rule violation.

¶ 17    Likewise, the record does not support Grasty's contention that the court failed to afford her an opportunity to be heard before vacating the stalking no contact order and dismissing the case. In fact, the record affirmatively refutes this contention. The court's March 12, 2019 order indicates that it was entered after a hearing at which both parties were present, and Grasty points to nothing in the record that calls the veracity of that representation into question. Accordingly, there is no basis in the record for us to conclude that the circuit court failed to afford Grasty an opportunity to be heard before vacating the stalking no contact order and dismissing the case.

¶ 18    Finally, we reject Grasty's contention that Judge Wrenn should have recused herself. Initially, we note that while Grasty claimed to have filed a motion for recusal on March 13, 2019, the motion does not appear in the record on appeal. In any event, the circuit court would have lost jurisdiction to consider any such motion when Grasty filed a notice of appeal on the same day. See *Tuna v. Airbus, S.A.S.*, 2017 IL App (1st) 153645, ¶ 25 ("It is well settled that the filing of a notice of appeal divests the circuit court of jurisdiction.").

¶ 19    Regardless, the record on appeal provides no support for Grasty's underlying assertions that Judge Wrenn was biased against her or that the judge engaged in an improper *ex parte* communication with Johnson. "A trial judge is presumed to be impartial, and the burden of overcoming this presumption rests on the party making the charge of prejudice." *Eychaner v. Gross*, 202 Ill. 2d 228, 280 (2002). Grasty cryptically asserts that Judge Wrenn took "bribes" from a political party, causing her to be biased against *pro se* litigants. But Grasty offers no evidence in support of this allegation, and nothing in the record remotely suggests that Judge Wrenn harbors bias against *pro se* litigants in general or against Grasty in particular. Grasty further contends that

Judge Wrenn's rulings demonstrate bias, but "[a]llegedly erroneous findings and rulings by the trial court are insufficient reasons to believe that the court has a personal bias for or against a litigant." *Id*.

¶ 20 Grasty's assertion that Judge Wrenn engaged in an improper *ex parte* communication with Johnson is likewise unsupported by the record. Citing what she contends is an order entered by the court on October 2, 2018, Grasty asserts that "the courts contacted Ms. Johnson to come in to reinstate her Order of Protection against Ms. Grasty." We need not decide whether the conversation described by Grasty would constitute an improper *ex parte* communication, because the order that Grasty references appears nowhere in the record on appeal.[2] Having reviewed the record, we can find no evidence suggesting the occurrence of an *ex parte* communication between Judge Wrenn and Johnson, let alone evidence regarding the substance of any such communication. Accordingly, there is no basis for us to conclude that Judge Wrenn had an improper *ex parte* communication with Johnson. For all these reasons, we cannot say that Judge Wrenn erred in failing to recuse herself.

¶ 21                                        III. CONCLUSION

¶ 22 For the foregoing reasons, we affirm the circuit court's judgment.

¶ 23 Affirmed.

---

[2] Moreover, despite her representation to the contrary, Grasty did not attach a copy of the purported order to her brief or include it in an appendix.