2021 IL App (2d) 190898-U
No. 2-19-0898
Order filed November 10, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, as Trustee for CVILCF Mortgage Loan Trust I, | ) ) ) | Appeal from the Circuit Court McHenry County |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 18-CH-472 |
| | ) | |
| DONNIE L. STEAR, SUSAN J. STEAR, THE ILLINOIS HOUSING DEVELOPMENT AUTHORITY, and UNKNOWN OWNERS and NONRECORD CLAIMANTS, | ) ) ) ) ) | |
| | ) | |
| Defendants, | ) | Honorable |
| | ) | Suzanne C. Mangiamele, |
| (Donnie L. Stear, Defendant-Appellant). | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the judgment of the court.
Presiding Justice Bridges and Justice McLaren concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court properly denied defendant's motion to vacate a default judgment of foreclosure and confirmed the judicial sale of the property at issue. Affirmed.

¶ 2    In this mortgage foreclosure action, defendant, Donnie L. Stear, appeals from the circuit court's orders approving the judicial sale of his residence and denying his motion to vacate the

underlying default judgment against him. He contends the circuit court erred by "granting the foreclosure and sale." We affirm.

¶ 3                                    I. BACKGROUND

¶ 4    On June 18, 2018, plaintiff, U.S. Bank Trust National Association, as Trustee for CVILCF Mortgage Loan Trust I, filed a mortgage foreclosure complaint against defendant, his wife Susan J. Stear, the Illinois Housing Development Authority, and unknown owners and nonrecord claimants. (Defendant is the only party to this appeal.) On July 26, 2018, defendant was served with summons, which stated he was required to answer or otherwise respond to the complaint within 30 days, by August 27, 2018. See 5 ILCS 70/1.11 (West 2018). The summons also warned defendant that his failure to do so could result in a default judgment against him. Defendant never answered or otherwise responded to the complaint.

¶ 5    On August 30, 2018, plaintiff moved for leave to file an amended complaint to add an additional defendant. On September 18, 2018, the circuit court granted the motion and continued the matter to October 18, 2018, for status. Nothing in the record indicates defendant appeared for the hearing.

¶ 6    On October 18, 2018, the court held a status hearing. The record does not contain a report of the proceedings, but the court's order indicates defendant was present in court and told the court he would be in New Zealand from October 23, 2018, to January 10, 2019. The court continued the matter to January 15, 2019, for status.

¶ 7    On December 27, 2018, plaintiff moved for a default judgment against defendant, alleging defendant was served with summons on July 26, 2018, but had not yet responded the complaint. Plaintiff mailed notice of the motion to defendant, which stated plaintiff would present the motion at the previously scheduled January 15, 2019, status hearing. At the hearing, defendant did not

appear, and the court granted the motion. The judgment stated defendant had a right of redemption that expired on April 16, 2019, after which date the property would be sold at auction. The circuit clerk sent notice of the default judgment to defendant.

¶ 8      On March 18, 2019, plaintiff served on defendant a notice of sale, which stated the property would be sold at auction on April 17, 2019. Notice of the sale was also published in a local newspaper on March 4, 11, and 18, 2019. At the auction, plaintiff purchased the property.

¶ 9      On April 23, 2019, plaintiff moved to confirm the sale. On May 7, 2019, plaintiff presented the motion, and defendant appeared. The court granted defendant 21 days to file a response to the motion, granted plaintiff 14 days thereafter to file a reply, and set the motion for hearing on June 18, 2019.

¶ 10     In the interim, on June 4, 2019, defendant retained an attorney and moved the court to vacate the default under section 2-1301(e) of the Code of Civil Procedure (Code) (735 ILCS 5/2-1301(e) (West 2018)). Defendant alleged he had hired a different attorney to assist him after the October 18, 2018, hearing at which he personally appeared and during which he told the court he would be outside the country until January 10, 2019. Despite its knowledge that defendant was outside the country, on December 27, 2018, plaintiff moved for default against him. Defendant asserted he did not receive the notice of the default motion and "was not aware of the [d]efault until after the January 15, 2019[, hearing]." In April 2019, defendant learned the property had been set for sale, immediately contacted his former attorney, and learned the attorney "was gravely sick" and did not appear at the January 15, 2019, hearing. Defendant asserted that, because the sale had not yet been approved, no final order had been entered in the case, and, accordingly, he could seek relief under section 2-1301(e) of the Code. He also referenced section 15-1508(b)(iv) of the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1508(b)(iv) (West 2018)) and

argued the sale should not be confirmed because "justice was not otherwise done in this matter and substantial justice would be served by vacating the judgment and the sale." Defendant asserted that, though he was not required to plead a meritorious defense under section 2-1301 and was "not liable pursuant to the [c]omplaint," he intended to raise several defenses to the complaint.

¶ 11    To that end, he alleged the loan servicer had not credited his account for payments he inadvertently continued to send to a previous loan servicer, despite his demand the current servicer do so. He asserted, based on these facts, he (1) had the right to deny the amount due and owing and could prove plaintiff's allegations false; (2) could assert the defenses of unclean hands and failure to mitigate damages; and (3) could bring counterclaims for violations of the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 2018)) and the Fair Debt Collection Practices Act (15 U.S.C. § 1692), breach of contract, and negligent misrepresentation. He also alleged, on information and belief, plaintiff (1) lacked standing and (2) failed to send him notice of his default on the mortgage, as required by its terms.

¶ 12    Defendant attached to his motion an affidavit, in which he averred that, when he hired the first attorney, the attorney advised him not to "worry about the court case because [the attorney] would take care of it." Defendant "became aware that the property was going to be sold" in April 2019, at which time he "attempted to protect [his] interest in the case" by trying to contact the attorney. He learned the attorney "was gravely ill with a potentially terminally [*sic*] disease and [was] unavailable." Thus, defendant appeared on May 7, 2009. He did *not* aver that he did not receive notice of his default on the mortgage before the suit was filed, notice of the default motion, notice of the default judgment, or notice of the sale.

¶ 13    Defendant also responded to plaintiff's motion to confirm the sale. He contended justice was not otherwise done under section 15-1508(b)(iv) and incorporated by reference the arguments raised in his motion to vacate.

¶ 14    The court set briefing schedules for plaintiff's motion to confirm the sale and defendant's section 2-1301(e) motion and set both motions for hearing on September 10, 2019. On July 30, 2019, defendant sought an extension of time to file his reply in support of his motion to vacate, and, on August 12, 2019, his attorney sought leave to withdraw. On August 27, 2019, the court granted both motions, allowing defendant 21 days to retain a new attorney or enter his appearance, and continued plaintiff's motion to confirm the sale and defendant's motion to vacate for hearing on September 17, 2019, without further notice. Nothing in the record indicates defendant was present at the hearing, but his attorney served on him notice of the motion to withdraw and a copy of the order granting the motion.

¶ 15    On September 17, 2019, the court called the motions for hearing, and defendant failed to appear. The record does not contain a report of the proceedings. The court granted plaintiff's motion to confirm the sale and denied defendant's motion to vacate.

¶ 16    This appeal followed.

¶ 17                                    II. ANALYSIS

¶ 18    As an initial matter, we must address defendant's failure to comply with Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020) and Rule 342 (eff. Oct. 1, 2019). This is defendant's second attempt at filing a brief that complies with those rules. On February 13, 2020, we struck defendant's first brief on our own motion based on his failure to comply with the rules, and we ordered him to file a new brief that fully complied with the rules.

¶ 19      Rules 341 and 342 govern the form and content of appellate briefs and their appendices. "The purpose of the rules is to require parties to present clear and orderly arguments so the reviewing court can properly ascertain and dispose of the issues involved." *In re Marriage of Reicher*, 2021 IL App (2d) 200454, ¶ 30. Compliance with both rules is mandatory (*id.*), and they apply equally to attorneys and self-represented litigants, such as defendant (*Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78). We have discretion to strike a party's brief and dismiss an appeal when he or she fails to comply with the rules. *Longo Realty v. Menard, Inc.*, 2016 IL App (1st) 151231, ¶ 18. But such a harsh sanction "is ordinarily reserved to the most egregious failures to comply with the rules and those that hinder our review." *Reicher*, 2021 IL App (2d) 200454, ¶ 30.

¶ 20      Defendant's second brief does not comply with the rules. Specifically, his brief states there is a question raised on the pleadings, but he does not state the nature of the question. See Ill. S. Ct. R. 341(h)(2)(ii) (eff. Oct. 1, 2020). His statement of the standard of review does not contain any citation to authority. See Ill. S. Ct. R. 341(h)(3) (eff. Oct. 1, 2020). His statement of facts contains facts either with no reference to the relevant pages of the record or without any support in the record, as well as argument. See Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020). The table of contents to the record in his appendix is not "complete" with references to "each" document in the record on appeal. See. Ill. S. Ct. R. 342 (eff. Oct. 1, 2019).

¶ 21      And finally, his brief does not comply with Rule 341(h)(7), which requires a party to present argument containing "the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). The failure to comply with this requirement results in forfeiture of the point argued. *Doherty v. County Faire Conversion, LLC*, 2020 IL App (1st) 192385, ¶ 36. The appellate court is entitled to have the issues clearly defined with pertinent authority cited and is not a depository into

which a party may dump the burden of research and argument. *Id.* A mere contention, without cogent and well-reasoned argument supported by the record and citation to and discussion of relevant authority, does not comply the rule. *Id.*

¶ 22     Defendant's brief is, at best, difficult to follow. He did not clearly define the issues or present a cogent and well-reasoned argument in support of his position. Rather, his "argument" meanders from mere contention to mere contention. And while defendant cites some authority, he has not provided us with any discussion or analysis of that authority and its applicability to the facts of this case (as supported by the record). See *In re Marriage of Petrik*, 2012 IL App (2d) 110495, ¶¶ 39-40 (citation to authority without articulating any argument with respect to that authority does not comply with Rule 341(h)(7)).

¶ 23     Given the glaring deficiencies in defendant's brief, we would be well within our discretion to strike his brief and dismiss the appeal, particularly since this was defendant's second bite at the apple. But defendant made some attempt to correct his initial, wholly noncompliant brief, and we have the benefit of plaintiff's brief, which clearly defines the issues and presents cogent argument on them. Therefore, while we do not condone defendant's failure to comply with the rules, we choose not to strike his brief and dismiss the appeal.[1] That said, we will not *sua sponte* research the issues or formulate arguments on defendant's behalf (*id.* ¶ 39), and we will find forfeited those points that are not supported by argument (*Doherty*, 2020 IL App (1st) 192385, ¶ 36).

---

[1] We also note plaintiff failed to comply with local Rule 101(c) (Ill. App. Ct., Second Dist., R. 101(c) (Jan. 6, 2021)), which requires a party that files its brief electronically to also provide our clerk with five paper copies of the brief. We urge counsel for plaintiff to comply with this rule, and all our local rules, in the future.

¶ 24    That brings us to another problem: defendant did not provide this court with a report of proceedings of *any* of the hearings in this case or an acceptable substitute, such as a bystander's report or agreed statement of facts. See Ill. S. Ct. R. 323 (eff. July 1, 2017). "It is the appellant's burden to provide a sufficiently complete record to support a claim of error, and in the absence of that record we must presume that the trial court's order conformed to the law and had a sufficient factual basis." *Wells Fargo Bank, N.A. v. Hansen*, 2016 IL App (1st) 143720, ¶ 15 (citing *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984)).

¶ 25    At issue in this case is the propriety of the circuit court's orders confirming the judicial sale of defendant's residence and denying defendant's section 2-1301(e) motion to vacate the underlying default judgment. We review such orders for an abuse of discretion. *Hansen*, 2016 IL App (1st) 143720, ¶¶ 14, 17.

¶ 26    In *Hansen*, this court explained how the absence of a report of proceedings or an acceptable substitute hampers abuse-of-discretion review. In such cases, a court of review does not know "whether the [circuit] court heard evidence ***, what the parties argued, or—most importantly— the basis for the court's decision." *Id.* ¶ 15. And without this information, we explained, "we must presume that the [circuit] court did not act arbitrarily but within the bounds of reason, keeping in mind relevant legal principles." *Id.*; see also *Illinois Founders Insurance Co. v. Williams*, 2015 IL App (1st) 122481, ¶ 56 (in the absence of a report of proceedings, the reviewing court "cannot divine the [circuit] court's reasoning in denying defendant's motion and cannot determine whether [the court's] decision constituted an abuse of discretion"). We noted, in those circumstances, a party could show the court abused its discretion only if he or she demonstrated the court erred as a matter of law. *Hansen*, 2016 IL App (1st) 143720, ¶ 16.

¶ 27    With this in mind, we will address the merits of this appeal. As best we can discern from defendant's brief, he raises five arguments in support of his contention that the circuit court erred by "granting the foreclosure and sale." First, he argues the circuit court should not have confirmed the sale because justice was not otherwise done in this matter (see 735 ILCS 5/15-1508(b)(iv) (West 2018)), as he was "not liable" and intended to raise several meritorious defenses to the complaint. Second, he argues the court should have vacated the default because he did not receive notice of the default motion and the first attorney he hired did not appear on his behalf despite the attorney's assurance he would do so. Third, he argues he was in the midst of the loss-mitigation process when the complaint was filed, and he should have been allowed to complete that process in accordance with Illinois Supreme Court Rules 113 and 114 (eff. Jan. 1, 2018). Fourth, he asserts he did not receive notice "of the trial" in violation of his federal and state constitutional due-process rights. Fifth, he argues plaintiff lacked standing to bring the complaint.

¶ 28    As to defendant's first argument, the absence of a report of proceedings requires us to reject his argument. Section 15-1508(b)(iv) of the Foreclosure Law permits a circuit court, in the exercise of its discretion, to refuse to confirm a foreclosure sale when "justice was otherwise not done." 735 ILCS 5/15-1508(b)(iv) (West 2018)). Determining whether justice has been done under section 15-1508(b)(iv) necessarily requires the court to balance the parties' interests and invokes the court's equitable powers to ensure justice has been done. See *Wells Fargo Bank, N.A. v. McCluskey*, 2013 IL 115469, ¶ 25. Because there is no report of proceedings, we are unable to determine whether the court, in making this assessment, balanced the parties' interests or acted arbitrarily or beyond the bounds of reason while ignoring applicable principles of law. See *Hansen*, 2016 IL App (1st) 143720, ¶ 14. Accordingly, we presume the circuit court's orders "conformed to the law and had a sufficient factual basis." *Id.* ¶ 15.

¶ 29    In any event, we find defendant's section 2-1301(e) motion to vacate and objection to plaintiff's motion to confirm the sale were deficient on their face. In *McCluskey*, 2013 IL 115469, ¶ 27, our supreme court held that once a motion to confirm the judicial sale has been filed, a borrower may no longer seek to vacate a default judgment of foreclosure under the standards set forth in section 2-1301(e). Rather, he or she "may *only* do so by filing objections to the confirmation of the sale under the provisions of section 15-1508(b)." (Emphasis added.) *Id.* Further, the court explained the mere assertion of a meritorious defense is not enough to vacate the underlying judgment and sale under the justice-was-not-otherwise done provision of section 15-1508(b)(iv); rather,

> "the borrower must not only have a meritorious defense to the underlying judgment, but must establish under section 15-1508(b)(iv) that justice was not otherwise done because either the lender, through fraud or misrepresentation, prevented the borrower from raising his meritorious defenses to the complaint at an earlier time in the proceedings, or the borrower has equitable defenses that reveal he was otherwise prevented from protecting his property interests." *Id.* ¶ 26.

¶ 30    Here, defendant did not file his section 2-1301(e) motion until *after* plaintiff moved to confirm the sale. As a result, defendant no longer had the right to proceed under section 2-1301(e); rather, he could only seek to avoid confirmation of the sale under section 15-1508(b) of the Foreclosure Law. See *id.* Further, both his section 2-1301(e) motion and his objection to plaintiff's motion to confirm the sale merely asserted he had meritorious defenses to the underlying judgment. Neither pleading contended that plaintiff, through fraud or misrepresentation, prevented him from raising those defenses at any time prior to the judicial sale, or that he was otherwise prevented

from protecting his property interests. Accordingly, the court properly denied defendant's section 2-1301(e) motion and confirmed the sale.

¶ 31     We briefly address and reject defendant's remaining arguments. Defendant's second contention is that the circuit court should have vacated the default because plaintiff moved for default while he was outside the country, he did not receive notice of the default motion, and his attorney, who assured defendant "not to worry" about the case, failed to take any action on his behalf. Defendant failed to cite any authority in support of his argument, and it is, therefore, forfeited. *Doherty*, 2020 IL App (1st) 192385, ¶ 36. In any event, the record shows plaintiff properly served notice of the default motion on defendant. See Ill. S. Ct. R. 11(c)(3) (eff. July 1, 2017); R. 104(b) (eff. Jan. 1, 2018). Nothing in the record, other than defendant's unsupported assertion, indicates he did not receive the notice. Further, the default motion was presented at the previously scheduled January 15, 2019, hearing, of which defendant had notice, and, had defendant not failed to appear, he could have asked the court for more time to plead. And to the extent defendant contends his failure should be excused by reason of his first attorney's failure to take action on his behalf, we note a party has a duty to follow the progress of his or her case, and an attorney's failure does not excuse the party from taking action to protect his or her interests. See *Salazar v. Wiley Sanders Trucking Co.*, 216 Ill. App. 3d 863, 872 (1991).

¶ 32     Defendant's third contention, in its entirety, is that he "was in the process of Loss Mi[t]igation when [the] home was foreclosed upon" and that he "should be able to complete loss mi[t]igation with [plaintiff] as in Supreme Court Rule 113 and 114." Defendant did not raise this issue in the circuit court. Nor did he develop this point beyond a mere contention, discuss how Rules 113 or 114 apply to this case, or cite to anything in the record showing he was engaged in that process at the time plaintiff filed suit. Accordingly, we find defendant has forfeited this

contention. See *Olson v. Williams All Seasons Co.*, 2012 IL App (2d) 110818, ¶ 41 (failure to raise issue in circuit court results in forfeiture of the issue on appeal); *Doherty*, 2020 IL App (1st) 192385, ¶ 36 (mere contention, unsupported by citation and argument, does not merit consideration on appeal).

¶ 33    Defendant's fourth contention is that he did not receive notice "of the trial" in violation of his right to due process. Since there was no trial in this case and since defendant did not develop his argument beyond a mere contention, it is not exactly clear whether he is asserting he did not receive notice of his default on the terms of the mortgage before the suit was filed, notice of the default motion, notice of the default order, or notice of the sale. His argument is, therefore, forfeited. *Id.* In any event, the record shows defendant received proper notice of every significant procedural step in this action yet took *no action* until *after* the property was sold and the court was asked to confirm the sale. Indeed, plaintiff served on defendant notice of the default motion as discussed above, the clerk served on defendant notice of the default judgment (see Ill. S. Ct. R. 113(d) (eff. July 1, 2018)), and plaintiff both served a notice of the sale on defendant and published notice in a local newspaper (see 735 ILCS 5/15-1507(c) (West 2018); Ill S. Ct. R. 113(f)(1) (eff. July 1, 2018)). And, with respect to plaintiff's alleged failure to send notice to defendant of his default on the terms of the mortgage before filing suit, plaintiff's complaint must be construed to include an allegation that the notice of default required by the mortgage was sent to defendant (735 ILCS 5/15-1504(c)(9) (West 2018)), an allegation defendant never denied or rebutted with anything other than the self-serving, unsupported allegation in his section 2-1301(e) motion. Under these circumstances, the court properly denied his motion to vacate and confirmed the sale.

¶ 34    Defendant's fifth contention is that plaintiff lacked standing. A plaintiff's standing to bring an action is affirmative defense that can be forfeited if not raised in a timely manner. *Mortgage*

*Electronic Registration Systems, Inc. v. Barnes*, 406 Ill. App. 3d 1, 6 (2010). In *Barnes*, this court held a defendant's assertion of a standing defense, made for the first time after entry of a default and after the plaintiff had moved to confirm the sale, was untimely and not a basis to vacate a default judgment of foreclosure. *Id.* at 6-7. Here, defendant first raised the issue of plaintiff's standing *after* he had been held in default and *after* plaintiff moved to confirm the sale. Therefore, he forfeited the issue. *Id.* Moreover, plaintiff attached to its complaint the blank-indorsed note and the mortgage, which was *prima facie* evidence it had standing to sue on the instruments. See *Parkway Bank and Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 24. Defendant failed to present anything other than speculative allegations, made on information and belief, that plaintiff lacked standing and that evidence produced in discovery would substantiate his allegations. Those allegations were not sufficient to rebut the *prima facie* evidence of plaintiff's standing.

¶ 35    In sum, we conclude the circuit court properly confirmed the judicial sale and denied defendant's section 2-1301(e) motion to vacate the underlying default. Defendant's arguments to the contrary, even if not forfeited, lack merit.

¶ 36                                    III. CONCLUSION

¶ 37    For the reasons stated, we affirm the judgment of the circuit court of McHenry County.

¶ 38    Affirmed.