2025 IL App (1st) 241371-U

SIXTH DIVISION
February 28, 2025

No. 1-24-1371

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

|  |  |
|---|---|
| CLIVIA CAMPOS, ) | |
| ) | |
| Plaintiff-Appellee, ) | |
| v. ) | |
| ) | Appeal from the |
| CITY OF CHICAGO, a Municipal Corporation ) | Circuit Court of |
| by and through its authorized agents and ) | Cook County |
| employees, ) | |
| ) | No. 2021 L 9797 |
| Defendants, ) | |
| ) | The Honorable |
| and ) | Thomas V. Lyons, |
| ) | Judge Presiding. |
| FULLERTON KIMBALL MEDICAL AND ) | |
| SURGICAL CENTER and FULLERTON KIMBALL ) | |
| MEDICAL GROUP, ) | |
| ) | |
| Defendants-Appellants. ) | |

PRESIDING JUSTICE TAILOR delivered the judgment of the court.
Justices C.A. Walker and Gamrath concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The judgment of the trial court is affirmed. Defendants failed to provide a sufficient factual record on appeal, so we presume that the trial court properly exercised its discretion when it denied defendants' motion to vacate.

¶ 2                                I. BACKGROUND

¶ 3      On April 12, 2021, Clivia Campos was driving on West Addison Street in Chicago when her vehicle was struck by a vehicle operated by Jacqueline Penaranda. Minutes later, Campos's vehicle was struck a second time by a City of Chicago garbage truck. Campos sustained injuries as a result, and filed suit against Penaranda and the City of Chicago, alleging negligence by both parties. The case went to trial, and on September 8, 2023, Campos was awarded $9,734,740 in damages by a jury. This award included $257,390 for Campos's medical bills.

¶ 4      On March 27, 2024, Campos filed a motion to adjudicate liens and for a hearing on the liens asserted under the Health Care Services Lien Act (Act) (770 ILCS 23/10) (West 2022)) by various medical providers. One of the liens was asserted by Fullerton Kimball Medical and Surgical Center in the amount of $588,312 and a second lien was asserted by Fullerton Kimball Medical Group in the amount of $1,006. Campos acknowledged that the Act allows healthcare professionals and healthcare providers to place a lien for the value of their reasonable charges against the proceeds of a personal injury verdict, judgment, award, or settlement, but asserted her belief some of the liens were unreasonable. She therefore requested an evidentiary hearing for the lienholders to establish the reasonable value of their services, and argued that because a jury found the total value of the "reasonable expense of necessary medical care, treatment and services rendered" was $257,390, the total amount of money available to lienholders should not exceed that amount.

¶ 5      The court set the matter for a hearing on April 5, 2024, at which time an attorney appeared in court on behalf of Fullerton Kimble Medical and Surgical Center and Fullerton Kimble Medical Group (collectively FKM). The hearing was continued by agreement of the parties until April 10, 2024. When counsel for FKM failed to appear on April 10, a hearing was held in his absence. After the hearing, the court ruled that "Fullerton Kimble Medical & Surgical Center is entitled to a per surgery value similar to the per surgery amount attributable to Belmont Harlem Surgery Center."

Accordingly, it found that "the reasonable value of the medical services provided by Fullerton Kimble Medical & Surgical Center" was $15,000 and that the reasonable value of medical services provided by Fullerton Kimble Medical Group was $201.

¶ 6       On May 2, 2024, FKM filed a motion to vacate and for leave to file a response. FKM asked the court to set aside the April 10, 2024, judgment under section 2-1301 of the code, arguing that they "have a meritorious defense" and asking to "allow proofs as to the proper lien adjudication." FKM also argued that "the adjudication formula in the Court's order was a deviation from the Lien Act."

¶ 7       After a hearing on June 6, 2024, the court denied FKM's motion to vacate. It noted in its written order that the motion had been "fully briefed" and that its "[r]easoning is set forth in the record." A transcript of this hearing is not included in the record on appeal.

¶ 8                                            II. ANALYSIS

¶ 9       FKM argues that the trial court abused its discretion when it denied their motion to vacate the April 10, 2024, order. We review a trial court's denial of a section 2-1301 motion to vacate for an abuse of discretion. *Standard Bank & Trust Co. v. Madonia*, 2011 IL App (1st) 103516, ¶ 8. A trial court abuses its discretion if it "acts arbitrarily without the employment of conscientious judgment or if its decision exceeds the bounds of reason and ignores principles of law such that substantial prejudice has resulted." *Wells Fargo Bank, N.A. v. Hansen*, 2016 IL App (1st) 143720, ¶ 14 (quoting *Marren Builders, Inc., v. Lampert,* 307 Ill. App. 3d 937, 941 (1999)).

¶ 10       Here, FKM asks us to find that the trial court abused its discretion when it denied their motion to vacate, yet they fail to provide us with a transcript of the June 6, 2024, hearing where the court set forth its reasoning. FKM does not provide us with a bystander's report, an agreed statement of facts, or anything else to support their claim either. See Ill. S. Ct. R. 323(a), (c), (d)

(eff. July 1, 2017) (requiring an appellant to prepare and file a transcript or a bystander's report of the proceedings in the trial court or an agreed statement of facts).

¶ 11    "The moving party has the burden of establishing sufficient grounds for vacating the judgment" (*Larson v. Pedersen,* 349 Ill. App. 3d 203, 207 (2004)), and "[a]ny doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Foutch v. O'Bryant,* 99 Ill. 2d 389, 392 (1984). Here, FKM had the burden to present this court with a sufficiently complete record on appeal. *Webster v. Hartman,* 195 Ill. 2d 426, 432 (2001). Because they failed to do so here, we "presume[] that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Foutch,* 99 Ill. 2d at 392 (affirming the trial court's decision to deny defendants' motion to vacate judgment, reasoning that "[a]s there is no transcript of the hearing on the motion to vacate here, there is no basis for holding that the trial court abused discretion in denying the motion"); *Webster*, 195 Ill. 2d at 433-34 (finding that because the appellant failed to supply the court with a transcript of the hearing, a report of the proceedings, a bystander's report, or an agreed statements of facts, it "d[id] not know what evidence or arguments were presented at that hearing *** [or] the basis for the trial court's decision" and therefore it "presume[d] that the trial court heard adequate evidence to support its decision and that its order *** was in conformity with the law"); *Wells Fargo Bank, N.A.,* 2016 IL App  (1st) 143720, ¶ 15 (affirming the trial court's decision to deny appellant's motion to vacate where appellant "provided neither a report of proceedings of the hearing on his motion to vacate nor a sufficient substitute, such as a bystander's report or an agreed statement of facts *** [so] we do not know whether the trial court heard evidence on the motion, what the parties argued, or—most importantly—the basis for the court's decision[,]" reasoning that "[w]ithout this information, we must presume that

the trial court did not act arbitrarily but within the bounds of reason, keeping in mind relevant legal principles").

¶ 12    Without a transcript of the June 6, 2024, hearing where the trial court set forth its reasoning for denying FKM's motion to vacate or a sufficient substitute, "there is no basis for holding that the trial court abused discretion in denying the motion." *Foutch,* 99 Ill. 2d at 392. See also *Webster,* 195 Ill. 2d at 432 ("Where the issue on appeal relates to the conduct of a hearing or proceeding, this issue is not subject to review absent a report or record of the proceeding."); *Hye Ra Han v. Halloway,* 408 Ill. App. 3d 387, 390 (2011) (same).

¶ 13                                    III. CONCLUSION

¶ 14    For the foregoing reasons, the judgment of the trial court is affirmed.

¶ 15    Affirmed.